IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DISTRICT CLERK & BANKRUPTCY COURTS
2008 MAY -1 PM 7:51
FILED
RECEIVED MAY - 1 2008
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| CAROLYN M. KLOECKNER<br>432 South Gore Street<br>St. Louis, Missouri 63119<br><br>Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO<br>Secretary of Labor,<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210<br><br>Defendant. | Civil No. _____<br><br>Case: 1:08-cv-00762<br>Assigned To : Leon, Richard J.<br>Assign. Date : 5/1/2008<br>Description: Employ. Discrim. |

## COMPLAINT

1. This is an action to redress Defendant's discrimination against Plaintiff because of her (1) gender, (2) age, and (3) disability under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* ("Act"), and (4) for acts of reprisal for her having filed an EEO complaint. Plaintiff, during the period of time covered by this Complaint, was an employee of the Employee Benefits Security Administration, U.S. Department of Labor ("Agency"), St. Louis, Missouri.

## JURISDICTION

2. This court has jurisdiction under 28 U.S.C. § 1331 because this matter arises under the laws of the United States, under 28 U.S.C. § 1343(a)(4) for damages and equitable relief under an Act of Congress providing for the protection of civil rights, and under 42 U.S.C. § 2000e-5(f)(3) for actions brought under the Civil Rights Act of 1964.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely EEO complaint with the Agency, filed a Formal Complaint with the

Agency, and requested an administrative hearing with the Equal Employment Opportunity Commission ("EEOC").

4. The Agency issued a Final Agency Decision rejecting Plaintiff's EEO claims of discrimination. This is a timely appeal from the Final Agency Decision.

## VENUE

5. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e)(1), and 42 U.S.C. § 2000e-5(f)(3). Defendant is an agency of the United States with its principal headquarters in the District of Columbia.

## PARTIES

5. Plaintiff, Carolyn M. Kloeckner, resides in St. Louis, Missouri. She was employed by the Agency in St. Louis, Missouri, during the time period of the events described in this Complaint. Defendant, Elaine L. Chao, 200 Constitution Avenue, N.W., Washington, D.C. 20210, is the Secretary of Labor.

## PROCEDURAL HISTORY

6. Plaintiff initially contacted an EEO counselor on April 25, 2005, and filed a Formal Complaint on June 13, 2005, alleging that she had been subjected to a hostile work environment based on sex and age.

7. On August 4, 2005, Plaintiff sought to amend her complaint to include reprisal for prior EEO activity, based on the Agency's decision to place her on AWOL status. This claim was accepted on August 18, 2005.

8. On June 20, 2006, Plaintiff requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission ("EEOC"). On August 24, 2006, an EEOC administrative judge acknowledged that request for hearing.

9. On September 19, 2006, the Administrative Judge granted a joint motion filed by Plaintiff and by the Agency to amend the complaint to include the Agency's decision to remove the Plaintiff, effective July 21, 2006.

10. On April 17, 2007, the EEOC Administrative Judge, for reasons not relevant here, cancelled the scheduled hearing, and returned the case to the Agency for issuance of a Final Agency Decision.

11. The Agency, in a Final Agency Decision dated October 23, 2007, found that Plaintiff was not discriminated against based on sex or age, and was not the victim of reprisal. The Final Agency Decision was received by Plaintiff's counsel on October 29, 2007.

12. The Final Agency Decision states that Plaintiff may appeal the Agency's decision, within 30 days of receipt, either to the Merit Systems Protection Board ("MSPB" or "Board") or in an appropriate U.S. District Court.

13. Plaintiff filed her appeal with the MSPB within the 30 day limit, on November 28, 2007.

14. In an Initial Decision dated February 27, 2008, the MSPB Administrative Judge determined that the Board was without jurisdiction to hear Plaintiff's appeal. The Initial Decision became final on April 2, 2008.

15. This Complaint is filed within 30 days of the date of the final decision of the MSPB on Plaintiff's appeal of the Final Agency Decision.

## FACTS

16. Plaintiff, female, born December 17, 1963, was employed by the Agency from July, 1989 until July, 2006.

17. Plaintiff, beginning in 1996, held the position of Senior Investigator, GS-13.

18. Steven Newman was Associate Regional Director of the Agency during the time period in question. In that position, he was Plaintiff's second level supervisor.

19. Gary Newman (no relation) was District Supervisor of the Agency during the time period in question. In that position, he was Plaintiff's supervisor.

20. During the Spring or Summer of 2004, Steven Newman began an intensive, highly intrusive "investigation" of all aspects of Plaintiff's work performance, based on rumors he had heard in the office that Plaintiff was, among other things, falsifying her time records, leave statements, travel records, sign in records, and conducting a private business from her U.S. Government office. Plaintiff was singled out for this investigation based on false rumors disseminated by a fellow employee with a personal vendetta against Plaintiff and based on Plaintiff's status as female.

21. Steven Newman's "investigation" of Plaintiff included his shadowing her around the office to monitor the individuals with whom she was engaged in conversation. This intrusive "investigation" itself was discriminatory, and, because male employees were not subjected to this treatment, based on sex, in violation of Title VII of the Civil Rights Act of 1964.

22. In January, 2005, the Agency was informed that a complaint had been filed against Plaintiff with the Office of Inspector General, Department of Labor, raising many of the same allegations first reported through rumor in 2004: arriving at work late, leaving early; falsification of sign in/sign out times; working on outside business interests while in the office.

23. Steven Eischen, Regional Director of the Agency, upon receipt of the IG Complaint, assigned Steven Newman to investigate it.

24. During the period covered by the "investigation," Plaintiff's work performance was scrutinized to a degree, and she was held to a standard, not applied in the case of investigations of agency employees who were male, and less than 40, constituting discrimination based on sex and age.

25. During the period of the "investigation," Plaintiff's immediate supervisor, Gary Newman, told her on several occasions that management had targeted her and that they intended to terminate her. Male employees of the Agency, less than 40 years of age, were not subjected to this type of pressure. These statements contributed to creation of a hostile work environment, based on sex and age, in violation of Title VII.

26. Gary Newman added to the strain in the office by treating Plaintiff in an verbally-abusive manner based on her sex. He often would sit down on Plaintiff's desk, in a physically intimidating manner, notwithstanding Plaintiff's repeated protests that he not do so. Mr. Newman did not behave in such manner with his male subordinates. These actions contributed to creation of a hostile work environment, based on sex and age.

27. Plaintiff, under great stress and suffering from depression as a result of the investigations and sexually-hostile environment, left the office in May, 2005. Rather than place her on leave without pay, as Plaintiff requested, the Agency listed her as AWOL. The Agency's decision to place Plaintiff on AWOL status was based on her gender, age and disability. Plaintiff's treatment, through the "investigation," as well as abusive treatment by Gary Newman, constituted hostile work environment based on sex.

28. The Agency terminated Plaintiff, effective July 21, 2006, for Absence Without Leave and for Lack of Candor.

29. The Plaintiff's absences from work were medically necessary and her emotional

condition – depression and anxiety – was work-related. The Agency's decision to place her on AWOL status, rather than on LWOP, and then to terminate her, was based on her disability, in violation of the Rehabilitation Act of 1973.

30. The investigation itself, led by Steven Newman, and never completed, constituted a hostile work environment based on sex, due in part to Newman's extra-marital relationship with Laura Lammert (now Laura Newman) the employee responsible for disseminating the false rumors about Plaintiff's work performance. The "investigation" thus was tainted from the outset because Steven Newman had a vested interest in the outcome, based on his relationship with Ms. Lammert.

31. Ms. Lammert, the employee passing on false rumors about Plaintiff, bore a grudge against Plaintiff for many years, even commenting, in extremely derogatory terms, about Plaintiff's personal life and dating partners, attempting to undermine her reputation and credibility within the Agency's headquarters office. Male employees were not treated in this manner by Agency management officials.

32. When Mr. Eischen asked Steven Newman to investigate Plaintiff's conduct, Mr. Newman failed to recuse himself from the investigation, based on his extra-marital relationship with the employee who was the source of the false rumors, and, presumably, the IG Complaint, and failed to inform Mr. Eischen that the allegations in the complaint should be viewed skeptically, based on Ms. Lammert's long record of hostility toward the Plaintiff. Steven Newman's decision to lead the investigation himself constitutes a separate instance of hostile environment harassment based on sex, age and disability, knowing, as he did, that Ms. Lammert, who passed on the false rumors and, presumably, filed the IG Complaint, had a long record of hostility towards Plaintiff, based on sex and

age.

33. The investigation of Plaintiff's performance by Steven Newman was so invasive, intense and personal, and out of proportion to that experienced by other Agency employees who were younger than Plaintiff, who were male, and who did not suffer from depression and anxiety, that it constitutes hostile environment harassment based on sex, age, reprisal and disability. That conduct helped drive Plaintiff from the work place in May, 2005.

34. With respect to Plaintiff's claim of reprisal, she participated in a protected activity; the proposing and final agency decision makers were aware of the protected activity; subsequently, she was subjected to adverse action – removal – by the Agency, and a nexus exists between the protected activity and the adverse action. Plaintiff was removed from her position in reprisal for her participation in the Agency's EEO process, in violation of Title VII of the Civil Rights Act of 1964.

## CLAIMS

35. All of the allegations contained in paragraphs 1-34 are incorporated herein as if set forth verbatim.

36. Defendant's actions in conducting a tainted, biased, and overly-intrusive investigation, and placing Plaintiff on AWOL status, created a hostile work environment and constitute discrimination based on sex and age, in violation of Title VII of the Civil Rights Act of 1964.

37. The Agency's decision to remove Plaintiff from her position constitutes reprisal for her participation in the EEO process, as well as a violation of the Rehabilitation Act of 1979.

38. The Agency's actions resulted in a worsening of Plaintiff's emotional condition, causing her to depart from the workplace as of May 18, 2005. These actions on the part of the Agency constitute hostile environment discrimination based on sex, age, and disability in violation of Title VII and the Rehabilitation Act of 1973.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this case.

2. Grant Plaintiff a trial by jury on all issues so triable.

3. Declare that Plaintiff has suffered acts of discrimination at the hands of defendant based on her gender, age, disability and reprisal.

4. Award compensatory damages for intentional discrimination under the Civil Rights Act of 1991.

5. Award reasonable attorney's fees and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

Larry J. Stein  Bar No. 397397
2009 N. 14th Street, Suite 708
Arlington, Virginia 22201
703/812-7880
703/424-7670  facsimile
Attorney for Plaintiff