### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN M. KLOECKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:09CV804-DJS |
| | ) | |
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

Now before the Court is defendant Hilda Solis' motion to dismiss or, in the alternative, motion for summary judgment [Doc. #20]. Plaintiff Carolyn Kloeckner opposes defendant's motion, and defendant has filed a reply brief. Accordingly, this matter is ripe for disposition.

### Standard of Review

Defendant moves the Court to dismiss plaintiff's action for lack of subject matter jurisdiction.[1] For a court to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. <u>Titus v. Sullivan</u>, 4 F.3d

---

[1]Defendant filed her motion pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, Fed.R.Civ.P. 56. The Court finds that it is capable of considering all of the evidence placed before it as matters of public record or materials necessarily embraced by the pleadings, and therefore will take up defendant's motion to dismiss without converting it to a motion for summary judgment.

590, 593 (8th Cir. 1993).  In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction are presumed true and the motion may only succeed if plaintiff has failed to allege an element necessary for subject matter jurisdiction.  Id.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  Dismissal for lack of subject matter jurisdiction will not be granted lightly.  Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may consider some materials that are part of the public record or those that are necessarily embraced by the pleadings.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint").

### Facts

With one exception, which is noted below, the parties agree on the facts to be accepted as true for purposes of this motion.  Plaintiff is a former Department of Labor employee who held the position of Senior Investigator for the Employee Benefits

2

Security Administration (the "Agency") in St. Louis, Missouri. Plaintiff held that position beginning in 1996.

Plaintiff filed a formal EEO complaint on June 13, 2005, alleging that defendant discriminated against her based on age and sex by subjecting her to a hostile work environment. On August 18, 2005, plaintiff amended her EEO complaint to include a claim of retaliation. On July 18, 2006, the Agency issued a decision removing plaintiff from employment effective July 21, 2006.

On August 18, 2006, while plaintiff's EEO claims were pending, she, through her attorney, filed an appeal of the July 18, 2006, Agency decision to remove her from employment with the Merit Systems Protection Board ("MSPB"). The parties then filed a joint motion to add plaintiff's termination as a like and related issue to her EEO complaint. That motion was granted, and on September 10, 2006, plaintiff's attorney moved to dismiss the MSPB appeal without prejudice. In the motion to dismiss, plaintiff's attorney stated:

> Ms. Kloeckner is filing a motion today, with the EEOC, to amend her EEOC complaint to "add claims that are like or related to the original complaint." Ms. Kloeckner's dismissal from the Department of Labor "is like or related to" her original complaint before the EEOC. For purposes of judicial economy, and to avoid the expense of conducting discovery on these matters before both the EEOC and the MSPB, Appellant, respectfully, asks that her MSPB appeal be dismissed, without prejudice, for a period of four months, to allow the discovery phase of her EEOC appeal to proceed.

3

Doc. #21-4, p. 1.  On September 18, 2006, Judge Nina Puglia of the MSPB granted plaintiff's motion to dismiss her appeal without prejudice, stating as follows:

> The appeal is DISMISSED without prejudice to the appellant's right to refile her appeal either (A) within 30 days after a decision is rendered in her EEOC case; or (B) by January 18, 2007 - whichever occurs first. This case will not be accepted for refiling after January 18, 2007.

Doc. #21-5, p. 3.

On or around April 17, 2007, the EEOC returned the case to the Agency's Civil Rights Center for issuance of a Final Agency Decision ("FAD").  On October 23, 2007, the Agency issued the FAD, finding that the record did not support a conclusion that plaintiff was discriminated against based on sex or age or that she had been retaliated against for prior EEO activity.  The FAD contained the following statement regarding the regulatory avenues for review:

> [Y]ou may appeal the matter to the MSPB (not the EEOC), within 30 days of receipt of this deci-sion....  Instead of appealing to the MSPB, you may file a civil action in an appropriate U.S. District Court within 30 days of receipt of this decision.

Doc. #21-3, p. 18 (internal citation omitted).  Plaintiff's counsel received the FAD on October 29, 2007.  On November 28, 2007, plaintiff filed a second MSPB appeal.[2]  Doc. #21-6, p. 1.  On

---

[2]The Court notes that plaintiff disagrees with defendant's characterization of the November 28, 2007, filing as a "refiling" of her MSPB appeal.  Plaintiff states that this is an inaccurate characterization of plaintiff's action, and that what she filed on November 28, 2007, was a new appeal from the Agency's October 23, 2007, FAD.  Defendant responds by arguing that the characterization of the

4

February 27, 2008, MSPB Administrative Judge Howard J. Ansorge ("AJ") issued a written opinion disposing of plaintiff's November 28, 2007, MSPB appeal.  The AJ found that plaintiff's second appeal was not different than her first MSPB appeal.  Further, he found that when plaintiff's first MSPB appeal was dismissed without prejudice, a clear deadline for refiling her appeal with the MSPB was set forth.  The AJ found that plaintiff had failed to file the second appeal before that deadline, and had also failed to show good cause for the "untimely re-filing of her appeal." Doc. #21-6, p. 6.  Accordingly, the AJ dismissed plaintiff's MSPB appeal as untimely filed.

Plaintiff filed her civil complaint in federal district court on May 1, 2008.  In her complaint, plaintiff states that she filed her November 28, 2007, appeal with the MSPB within thirty days of issuance of the FAD.  Plaintiff further notes that the instant complaint was filed within thirty days of issuance of the MSPB's decision dismissing the November 28, 2007, appeal as untimely.  Doc. #1, p. 3.  Plaintiff states that her action "is a timely appeal from the Final Agency Decision" of her EEO claims of discrimination, which was issued by the Agency on October 23, 2007. Doc. #1, p. 2.

_____

MSPB appeal does not matter, but rather that plaintiff elected to pursue an appeal (whether new or refiled), with the MSPB after issuance of the FAD instead of filing a civil complaint in a federal district court.

The Court recognizes plaintiff's contention, and also notes that "refiled" is the characterization given by the administrative judge in his February 27, 2008, decision.

## Discussion

Defendant maintains that, due to the circumstances present in this case, plaintiff's exclusive means of appeal from the MSPB decision lies with the United States Court of Appeals for the Federal Circuit, and therefore this Court is without jurisdiction. Defendant alternatively argues that, if this Court finds it does have jurisdiction, plaintiff's complaint is untimely and should be dismissed on that basis. Plaintiff opposes defendant's motion, and argues that she is permitted under the EEOC regulations to file this appeal in a federal district court, not as an appeal of the MSPB's decision, but as an appeal of the FAD. Further, plaintiff argues that her complaint is timely, but that if it is found by this Court to be untimely, she should be permitted to maintain her action under the principle of equitable tolling.

Federal employment cases which include both (1) claims of adverse personnel action appealable to the MSPB,[3] and (2) claims of prohibited discrimination[4] are regarded as "mixed" cases.[5] There exists a comprehensive statutory framework for processing mixed cases by federal employees. See 5 U.S.C. §§ 7702, 7703; 5 C.F.R.

---

[3]Appealable agency actions include removal, suspension for more than fourteen days, reduction in grade, a reduction in pay, and a furlough of thirty days or less. See 5 U.S.C. § 7512.

[4]For instance, discrimination claims brought under Title VII or the ADEA. See 5 U.S.C. § 7703.

[5]The Court notes that plaintiff's action is a mixed case, that is, she both challenges her termination, see 5 C.F.R. § 1201.3(a)(2), and alleges qualifying discrimination, see 29 C.F.R. § 1614.302(a).

§§ 1201.151-1201.175; 29 C.F.R. §§ 1614.302-1614.310. Initially, an employee can either file a mixed case complaint with her agency's EEO office, or file a mixed case appeal directly with the MSPB. <u>See</u> 5 U.S.C. § 7702; 29 C.F.R. § 1614.302. An employee must choose one option or the other; she cannot do both. <u>See</u> 29 C.F.R. § 1614.302(b); <u>McAdams v. Reno</u>, 64 F.3d 1137, 1141 (8th Cir. 1995). If an employee who pursues relief through an EEO mixed case complaint receives a final decision from the agency, she may file an appeal with the MSPB. 29 C.F.R. § 1614.302(d)(1)(ii) ("If the complainant is dissatisfied with the agency's final decision on the mixed case complaint, the complainant may appeal the matter to the MSPB...within 30 days of receipt of the agency's final decision."). However, the employee instead "may file a civil discrimination action in federal district court within 30 days...but only if no appeal to the MSPB is pursued at that time." <u>McAdams</u>, 64 F.3d at 1142; 29 C.F.R. § 1614.310(a) ("An individual who has a complaint processed...is authorized by 5 U.S.C. 7702 to file a civil action in an appropriate United States District Court."). If the employee chooses to file a mixed case appeal with the MSPB, she <u>must</u> exhaust administrative remedies in that forum prior to filing a civil action in federal district court. 5 U.S.C. § 7702(a)(1); <u>McAdams</u>, 64 F.3d at 1142 (holding that upon the refiling of her MSPB appeal, "all issues that [plaintiff] had raised in her EEO complaint were transferred to the MSPB proceeding. Having chosen that option, she was required to exhaust her claims in that forum before filing a

7

civil action"). Nevertheless, federal courts have jurisdiction to review MSPB decisions if exhausted (that is, pursued to conclusion), and an employee adversely affected or aggrieved by a final decision of the MSPB may obtain judicial review of that decision. 5 U.S.C. § 7703(a)(1). The Federal Circuit has exclusive jurisdiction over appeals of MSPB decisions, except that 5 U.S.C. § 7703(b)(2) carves out an exception for discrimination cases, and such cases may be appealed to a federal district court. See 5 U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 of [Title 5] shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable."). This is because certain claims of discrimination give federal district courts subject matter jurisdiction over such claims asserted by federal employees when administrative remedies have been exhausted. See 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 633a(c); 29 U.S.C. § 216(b); see also, e.g., Brown v. Gen. Servs. Admin., 425 U.S. 820, 832-33 (1976). However, to qualify as a case of discrimination appealable to a federal district court, the MSPB must have resolved the merits of the discrimination claim. That is, "petitions to review the [MSPB's] final decisions must be filed in the Court of Appeals for the Federal Circuit unless the Board has decided discrimination issues on the merits." Brumley v.

8

Levinson, 991 F.2d 801, 801 (8th Cir. 1993) (per curiam) (citing Ballentine v. Merit Sys. Prot. Bd., 738 F.2d 1244, 1246-47 (Fed Cir. 1984)); see also Brumley v. Dole, 1994 WL 846910, at *5 n.4 (E.D. Ark. Oct. 14, 1994). "When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703." Ballentine, 738 F.2d at 1246 (emphasis added).[6]

In the instant case, once the October 23, 2007, FAD was issued, plaintiff had two choices. She was permitted either to file an appeal with the MSPB or in a federal district court, but not both. Once she chose to file an appeal with the MSPB, she was required to exhaust that appeal prior to filing for federal judicial review. Although federal judicial review of an exhausted MSPB decision is possible, plaintiff's filing of an appeal with the

_____

[6]There appears to be a circuit split regarding the necessity that the MSPB reach a decision on the merits before a federal district court has jurisdiction. See, e.g., Harms v. Internal Revenue Serv., 321 F.3d 1001, 1008 (10th Cir. 2003) (noting that "[t]he circuits...are split over whether the Federal Circuit has exclusive jurisdiction over the MSPB's dismissal of appeals filed under § 7702(a)(1) on procedural grounds," and finding that, in the Tenth Circuit "when the MSPB has jurisdiction over an appeal under § 7702(a)(1) but dismisses the appeal on procedural grounds, the federal district court has jurisdiction to review de novo the decision of the MSPB"); see also Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) ("There is nothing in...the [Civil Service Reform Act] that suggests that judicially reviewable actions under subsection (a)(3) of section 7702 are limited to decisions on the merits, or that a matter becomes a case of discrimination under subsection (b)(2) of section 7703 only after a merits decision." (alterations omitted)). Plaintiff urges this Court to follow Downey and Harms rather than Ballentine. However, pursuant to Brumley, notably its reliance on Ballentine, the issue appears decided in the Eighth Circuit.

MSPB foreclosed her ability to appeal the FAD directly to this Court.[7]   Accordingly, plaintiff's instant complaint is properly characterized as an appeal from the February 27, 2008, MSPB decision.   That MSPB decision dismissed plaintiff's appeal as untimely filed, and appeal of such a threshold issue is properly filed with the Federal Circuit.   The Court finds that the MSPB's decision based on the timeliness of plaintiff's appeal did not settle the merits of her discrimination claim, and therefore this Court is without jurisdiction.   Accordingly, the action must be dismissed without prejudice.

For the above stated reasons,

---

[7]In McAdams, the Eighth Circuit stated that an employee "may file a civil discrimination action in federal district court within 30 days...but only if no appeal to the MSPB is pursued at that time." McAdams, 64 F.3d at 1142.   Defendant relies on this language to support her argument that plaintiff's choice to file an appeal with the MSPB after issuance of the FAD "precludes her from seeking redress in this Court." Doc. #30, p. 2.   The Court herein finds that filing an appeal with the MSPB after issuance of a final agency decision precludes a direct judicial appeal of the final agency decision.   Nevertheless, the Court notes that nothing prohibits a timely request for federal judicial review of an exhausted decision of the MSPB, regardless of whether such a decision was subsequent to a final agency decision.   See, e.g., Ruth v. West, 116 F.3d 480, 480 (8th Cir. 1997) (per curium) (finding that dismissal for failure to exhaust administrative remedies was improper, and noting that the plaintiff had timely pursued administrative remedies with the agency and the MSPB, then filed a petition with the EEOC for review of the MSPB decision, then filed an action in federal district court); see also Ballentine, 738 F.2d at 1246 ("The agency decision is immediately judicially reviewable in district court unless the employee appeals the matter to the MSPB.   Section 7702(a)(1) requires that the MSPB decide both the issue of discrimination and the appealable action within 120 days of the filing of an appeal.   The decision of the MSPB likewise becomes judicially reviewable in district court on the date of its issuance...." (emphasis added) (internal quotations omitted)).

   **IT IS HEREBY ORDERED** that defendant Hilda Solis' motion to dismiss [Doc. #20] is granted.

  Dated this  <u> 18th  </u>  day of February, 2010.

           <u>/s/Donald J. Stohr    </u>
           UNITED STATES DISTRICT JUDGE