# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT
_____

No. 10-2048
_____

| | |
|---|---|
| Carolyn M. Kloeckner, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Hilda L. Solis, Secretary of Labor, | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted: January 13, 2011
Filed:  May 13, 2011
_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.
_____

LOKEN, Circuit Judge.

In mid-2005, Carolyn M. Kloeckner ("Kloeckner") left her work as a Senior Investigator for the St. Louis office of the Department of Labor's (DOL) Employee Benefits Security Administration and filed an equal employment opportunity (EEO) complaint alleging hostile work environment and discrimination on account of her sex and age. Nearly three years later, the Secretary of Labor issued a final agency action rejecting Kloeckner's claims of unlawful discrimination. Kloeckner appealed to the Merit Systems Protection Board (MSPB), which dismissed her appeal as untimely. Kloeckner then filed this action in the District of Columbia District Court, which transferred venue to the Eastern District of Missouri. Kloeckner now appeals the

district court's[1] dismissal on the ground that the Court of Appeals for the Federal Circuit had exclusive subject matter jurisdiction.

The appeal requires us to again consider complex statutes governing federal employee complaints of wrongful employment action. The jurisdictional issue arises because Congress in the Civil Service Reform Act of 1978[2] bifurcated judicial review of MSPB decisions. Most petitions for review of final MSPB decisions must be filed in the Federal Circuit, 5 U.S.C. § 7703(b)(1), whose jurisdiction is exclusive, 28 U.S.C. § 1295(a)(9). However, actions seeking review in "[c]ases of discrimination" are filed in an appropriate district court, as provided in federal anti-discrimination statutes. 5 U.S.C. § 7703(b)(2). See generally Kean v. Stone, 926 F.2d 276, 282-84 (3d Cir. 1991). Reviewing the jurisdictional issue *de novo*, we affirm.

## I.

Kloeckner filed her EEO complaint on June 13, 2005. When DOL charged her with being "absent without leave" from June 13 to July 22, she amended the complaint to include a charge of retaliation. Kloeckner never returned to work. She was eventually removed from employment (terminated) effective July 21, 2006, with her EEO complaint still pending.

Removal is one of the adverse employment actions that may be appealed to the MSPB. See 5 U.S.C. §§ 7512(1), 7513(d). Administratively, when Kloeckner challenged the removal while a prior EEO complaint was pending, her dispute became a "mixed case." See 5 U.S.C. § 7702(a)(1)-(2); 29 C.F.R. § 1614.302(a). She had the

---

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

[2] Pub. L. No. 95-454, 92 Stat. 1111 (1978) (codified as amended in scattered sections of 5 U.S.C.).

option of immediately appealing the removal to the MSPB, or amending her EEO complaint to add a removal charge and proceeding initially before the Equal Employment Opportunity Commission (EEOC), which conducts hearings at the request of EEO complainants and issues decisions that are then reviewed by the employing agency which issues a final agency decision.  See 29 C.F.R. §§ 1614.106(d), .109-.110.  But she could not pursue both avenues of appeal.  29 C.F.R. § 1614.302(b); see McAdams v. Reno, 64 F.3d 1137, 1141-42 (8th Cir. 1995).

Kloeckner initially chose to appeal her removal to the MSPB in August 2006.  However, one month later, she moved to dismiss the appeal without prejudice.  Because she was amending her EEO complaint to add a charge of discriminatory removal, Kloeckner argued that dismissal without prejudice would "avoid the expense of conducting discovery on these matters before both the EEOC and the MSPB."  An MSPB administrative judge granted the motion over agency objection.  The Order provided, "This case will not be accepted for refiling after January 18, 2007."

In the EEO proceedings, the removal claim was added to Kloeckner's complaint, and the EEOC scheduled a hearing.  Some months later, the EEOC cancelled the hearing on account of Kloeckner's abuse of the discovery process and returned her EEO complaint to DOL for decision.  The Secretary's final decision was issued in October 2007, finding that DOL had not discriminated or retaliated against Kloeckner on account of sex or age and upholding her removal.

The Secretary's final decision noted that this was a "mixed case" and advised that Kloeckner could appeal to the MSPB or file a civil action in federal district court, but she could not do both.  5 U.S.C. § 7702(a), (e); 29 C.F.R. §§ 1614.302(d)(1)(ii), .310(a).  When she chose to appeal to the MSPB, "she was required to exhaust her claims in that forum before filing a civil action."  McAdams, 64 F.3d at 1142; see Ballentine v. MSPB, 738 F.2d 1244, 1246 (Fed. Cir. 1984).

-3-

Although filed within thirty days of the Secretary's final decision, Kloeckner's appeal to the MSPB was filed more than ten months *after* the re-filing deadline imposed in the order dismissing her first appeal without prejudice. A different administrative judge dismissed the appeal as an untimely re-filing, which became the MSPB's final Order when Kloeckner did not seek further administrative review. The Order advised Kloeckner that she could appeal by filing a petition with the Federal Circuit. She instead filed this action in district court, alleging that the action "is a timely appeal from the [Secretary's] Final Agency Decision," and that she was a victim of unlawful sex and age discrimination and retaliation.[3]

## II.

The jurisdictional issue turns on the meaning of the term "[c]ases of discrimination" in 5 U.S.C. § 7703(b)(2). In Ballentine, a federal employee appealed the MSPB's dismissal of his appeal as premature to the Federal Circuit. The MSPB moved to transfer the case to an appropriate district court, arguing lack of Federal Circuit jurisdiction because it was a "mixed case." The Federal Circuit denied the motion and affirmed the MSPB's dismissal on the merits, explaining:

> The disposition of this appeal depends upon when our jurisdiction under [5 U.S.C.] § 7703(b)(1) is precluded by § 7703(b)(2) and § 7702. . . . Section 7702(a)(1) requires that the MSPB "decide both the *issue* of discrimination and the appealable action" within 120 days . . . . Once a case becomes judicially reviewable, § 7702 and § 7703(b)(2) specify that an action be filed under the appropriate discrimination statute. . . .

---

[3]If the district court did have jurisdiction because this is a "case of discrimination" under 28 U.S.C. § 7703(b)(2), it could only review the MSPB's decision to dismiss Kloeckner's appeal as untimely. See Harms v. IRS, 321 F.3d 1001, 1010 (10th Cir.), cert. denied, 540 U.S. 858 (2003).

-4-

> . . . [T]he judicially reviewable action by the MSPB which makes an appeal a "case of discrimination" under § 7703(b)(2) that can be filed in district court is that the MSPB has decided "both the issue of discrimination and the appealable action. . . ." § 7702(a)(1). When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703. Yet, threshold issues such as the MSPB's own jurisdiction arise continually on appeal to this court, and we have taken jurisdiction over these cases . . . .
>
> The language of § 7703(b)(1) . . . strongly suggests that until the *merits* of a "mixed" discrimination case are reached by the MSPB, procedural or threshold matters, not related to the merits of a discrimination claim before the MSPB, may properly be appealed to this court. . . . [O]ur exercise of jurisdiction over MSPB decisions until issues touching the merits of a discrimination claim are appealed comports with the intent of § 7703(b)(1) and (2) and also allows the application of a unified body of case law concerning issues like . . . whether good cause has been shown for the waiver of a filing deadline.

738 F.2d at 1246-47 (emphasis in original); accord Franklin v. U.S. Postal Serv., 61 F. App'x 686, 687-88 (Fed. Cir. 2003) (unpublished).

For many years, every circuit to consider the issue followed the Federal Circuit's jurisdictional decision in Ballentine. See Powell v. Dep't of Def., 158 F.3d 597, 598-99 (D.C. Cir. 1998); Sloan v. West, 140 F.3d 1255, 1261-62 (9th Cir. 1998); Brumley v. Levinson, 1993 WL 128507, at *1 (8th Cir. April 27, 1993) (unpublished); Wall v. United States, 871 F.2d 1540, 1543 (10th Cir. 1989), cert. denied, 493 U.S. 1019 (1990); Blake v. Dept. of Air Force, 794 F.2d 170, 172-73 (5th Cir. 1986). Our panel opinion in Brumley adopted Ballentine's bright-line test dividing district court jurisdiction under § 7703(b)(2) and Federal Circuit jurisdiction under § 7703(b)(1): "petitions to review the [MSPB]'s final decisions must be filed in the Court of

-5-

Appeals for the Federal Circuit unless the Board has *decided discrimination issues on the merits*."  1993 WL 128507, at *1 (emphasis added).

This unanimity ended with the Second Circuit's decision in Downey v. Runyon, 160 F.3d 139 (2d Cir. 1998).  Expressly disagreeing with the Federal Circuit's construction of 5 U.S.C. § 7703(b) in Ballentine, and seemingly basing its analysis on the bizarre notion that review by the Federal Circuit is not "judicial review," the court held:

> There is nothing in any of these sections of the CSRA that suggests that judicially reviewable actions under [§ 7702(a)(3)] are limited to decisions on the merits, or that a matter becomes a "[c]ase[] of discrimination" under [§ 7703(b)(2)] only after a merits decision. . . . [T]he proper construction is that when the MSPB issues an adverse "final decision" or "final order" concerning a "case" under section 7702(a)(1), the "case of discrimination shall be filed" in district court, as required by Title VII.

160 F.3d at 145.  The Tenth Circuit followed this reasoning in Harms, despite its prior contrary ruling in Wall.  These courts construe § 7703(b)(2) as meaning that, "when the MSPB has jurisdiction over an appeal [in a case of discrimination] under § 7702(a)(1) but dismisses the appeal on procedural grounds, the federal district court has jurisdiction to review *de novo* the decision of the MSPB;" the Federal Circuit "lacks jurisdiction to review" such decisions.  Harms, 321 F.3d at 1008.[4]

---

[4]Two other circuits have recently upheld Federal Circuit jurisdiction in mixed case appeals without addressing the jurisdiction/procedure distinction here at issue. See McCarthy v. Vilsack, 322 F. App'x 456, 458-59 (7th Cir. 2009) (unpublished), cert. denied, 130 S. Ct. 1048 (2010); Burzynski v. Cohen, 264 F.3d 611, 620-21 (6th Cir. 2001).

Kloeckner urges that we adopt the reasoning in Downey and Harms.  She then distinguishes the decisions in Ballentine and Brumley because in those cases the MSPB lacked subject matter jurisdiction over appeals in purported "cases of discrimination," whereas here the MSPB had jurisdiction over Kloeckner's mixed case appeal and dismissed the appeal on the "procedural ground" that it was untimely.  Such a ruling would clearly be contrary to our decision in Brumley that review of MSPB final decisions lies in the Federal Circuit "unless the Board has decided discrimination issues on the merits."  1993 WL 128507, at *1.  Though Brumley was a non-binding unpublished opinion, see 8th Cir. R. 32.1A, we conclude that it is persuasive authority and should be followed.

The issue is one of statutory interpretation.  If the plain meaning of these statutes provided a clear answer, that would end the matter.  But as the conflicting decisions in Ballentine and Downey make clear, the meaning of "[c]ases of discrimination" in § 7703(b)(2), when read together with the provisions of § 7702(a), is far from clear.  In resolving the resulting ambiguity, the Federal Circuit took a functional approach to applying § 7703(b)(2), logically inferring that Congress intended to require the *de novo* district court review that federal anti-discrimination statutes provide when the MSPB has ruled on the merits of discrimination issues in a "mixed case," but intended that the Federal Circuit provide uniform review of MSPB rulings on procedural, non-merits issues.  See Ballentine, 738 F.3d at 1246-48.  The analysis in Downey ignored these practical, functional considerations, substituting instead an unpersuasive textual analysis that would require courts to draw difficult and unpredictable distinctions between MSPB non-merits rulings that are "jurisdictional," and those that are merely "procedural."  Cf. Bowles v. Russell, 551 U.S. 205 (2007).[5]

---

[5]The MSPB in Ballentine dismissed a mixed case appeal for lack of jurisdiction because it was filed too early.  The similarity between that dismissal and the dismissal for an untimely late filing in this case is apparent.  See Ballentine, 738 F.2d at 1248.  In the context of federal employee dispute resolution, we find it conceptually difficult

-7-

      Bearing in mind that the Federal Circuit is the court with the greatest experience when determining the intent of Congress as reflected in the CSRA, we conclude that <u>Brumley</u> correctly followed the Federal Circuit's interpretation of § 7703(b) in <u>Ballentine</u>. Therefore, because in this case the MSPB did not reach the merits of Kloeckner's discrimination claims in dismissing her mixed case appeal as untimely, the district court properly ruled that the Federal Circuit had exclusive jurisdiction to review the MSPB's dismissal.

      The judgment of the district court is affirmed.

_____

---

to see why one decision is "jurisdictional" and the other is not. <u>See</u> 5 U.S.C. § 7701(a) ("Appeals shall be processed in accordance with [MSPB] regulations . . . ."); 5 C.F.R. § 1201.154.

-8-