UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN M. KLOECKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00804 ERW |
| ) | |
| SETH D. HARRIS, ) | |
| Acting Secretary of Labor, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Carolyn M. Kloeckner's Motion for Attorney's Fees [ECF No. 52]. Defendant filed a Response to Plaintiff's Application for Attorney's Fees. [ECF No. 56]. For the following reasons, Plaintiff's motion is denied.

### I. BACKGROUND

Following a series of adverse rulings from agency boards, Plaintiff filed this unlawful discrimination cause of action in federal district court on May 26, 2009. *See Kloeckner v. Solis*, 133 S.Ct. 596, 602-04 (2012). The District Court dismissed the case for lack of jurisdiction, and the Eighth Circuit Court of Appeals affirmed. *Id.* Plaintiff then successfully petitioned the Supreme Court for certiorari. *Id.* The Supreme Court reversed and remanded, holding that the district court properly had jurisdiction to hear the case. *Id.* at 604. The Eight Circuit then remanded the case back to the district court. [ECF No. 52 at 2].

### II. DISCUSSION

Plaintiff contends that the Supreme Court's reversal and remand entitles her to attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1980). *Id.* ( "Plaintiff . .

. now files to recover her attorney's fees from the jurisdictional litigation that took place . . . [and] is the 'prevailing party' . . . represented by her jurisdictional appeal from the Eight Circuit decision affirming the decision of this Court." *Id.* Defendant argues the Plaintiff is not a "prevailing party" as no court has yet ruled on the merits of the discrimination claim, and therefore awarding attorney's fees is premature. *See* ECF. No. 56.

Ordinarily, parties bear their own litigation costs, regardless of outcome. Courts utilize "'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Buckhannon Bd. and Care Home v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 602 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Congress has created such authority through a plethora of statutes, *see Buckhannon*, 532 U.S. at 602-04 (listing several examples of fee-shifting statutes), including the one cited by the Plaintiff, the Equal Access to Justice Act ("EAJA").

The EAJA, passed by Congress in 1980, provided a cost-balancing means for would-be plaintiffs to contest injustices. *See Sullivan v. Hudson*, 490 U.S. 877, 883 (1989) ("Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved'") (quoting EAJA Pub. L. 96-481, 94 Stat. 2325 (1980)). Cost-balancing is accomplished by fee-shifting provisions that authorize awarding attorney's fees under certain conditions. *See, e.g.*, *Buckhannon*, 532 U.S. at 602-04. Those conditions are: (1) the plaintiff is the "prevailing party", and (2) the government's position was not substantially justified[1]. *See, e.g.*, 28 U.S.C. § 2412(d)(1)(A).

---

[1] As the Court finds that Plaintiff is not the prevailing party, the Court need not reach Plaintiff's argument that the Government's position was not substantially justified.

In requesting attorney's fees, Plaintiff claims to "obviously" be the prevailing party because the Supreme Court reversed the Eighth Circuit and District Court, thus siding with the Plaintiff's position regarding jurisdiction. [ECF No. 52 at 2]. Plaintiff, however, misunderstands the term "prevailing party."

"Prevailing party" is a term of art within the legal profession, and thus must be given its specialized meaning. *See Buckhannon*, 532 U.S. at 615-16 (Scalia, J., concurring) ("'[W]here Congress borrows terms of art in which are accumulated the legal tradition . . . [Congress] presumably knows and adopts . . . the meaning [the term's] use will convey to the judicial mind'") (quoting *Morissette v. United States*, 342 U.S. 246, 263 (1952)). Accordingly, the term "prevailing party" is interpreted identically across all fee-shifting statutes, *see, e.g.*, *Buckhannon* 532 U.S. at 603 n.4 ("We have interpreted these fee-shifting provisions consistently"), including the EAJA's provision at issue here. *See Ward v. U.S. Postal Service*, 672 F.3d 1294, 1298 (Fed. Cir. 2012) (applying fee-shifting precedents to the EAJA).

That interpretation "requires that a plaintiff receive *at least some relief* on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (emphasis added). "According to the [Supreme] Court, the extent of this relief must rise to the level of enforceable judgments on the merits . . . creating a material alteration of the legal relationship of the parties." *E.g.*, *Ward*, 672 F.3d at 1297 (citations omitted) (internal quotation marks omitted). Relief, however, does not require whole-case finality. *See Buckhannon*, 532 U.S. at 607 ("'the phrase 'prevailing party' is not intended to be limited to the victor only after entry of a final judgment following a full trial on the merits'") (quoting H.R.Rep. No. 94-1558, p.7 (1976)).

Successful interlocutory review can, at times, confer prevailed status on a party since "it is evident . . . that Congress contemplated the award of fees *pendente lite* in some cases. But it seems clearly to have been the intent of congress to permit such an interlocutory award only to a

party who has established his entitlement to some relief on the merits of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). Therefore, remands within the federal courts typically do "not constitute relief on the merits for the purposes of the fee-shifting statutes." *Former Employees of Motorola Ceramic Prod.s v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003). Hence, the Court in *Hewitt v. Helms* stated that an interlocutory reversal of a 12(b) dismissal by the district court was "not the stuff of which legal victories are made." 482 U.S. at 760.

Likewise, here, while the plaintiff "did prevail on these matters in the sense that the [Supreme Court] overturned several rulings against them in the District Court", she is not a prevailing party "in the sense intended" by the fee-shifting provisions. *Hanrahan*, 448 U.S. at 755. The Supreme Court's remand "did not guarantee that there would be any legal change in the relationship between the parties," *Former Employees*, 336 F.3d at 1365, since, "as a practical matter they are in a position no different from that they would have occupied if [Plaintiff] had simply defeated the [Defendant's] motion [to dismiss] in the trial court." *Hanrahan*, 446 U.S. at 758-59.

The original relief sought by Plaintiff was for the resolution of the merits in her discrimination lawsuit. The Supreme Court's holding in *Kloeckner* made no determination on *those* merits. *See* 133 S.Ct. at 603 ("We granted certiorari to resolve a circuit split on whether an employee seeking judicial reveiw should proceed in the Federal Circuit or in a district court when the [Merit Systems Protection Board] MSPB has dismissed her mixed case on procedural grounds.") (footnote omitted) (citations omitted). Furthermore, no court, on this subsequent remand, has made a determination on the merits of the Plaintiff's discrimination action. Thus, there has been no prevailing party on *those* merits. The Court, therefore, denies the Plaintiff's Motion for Attorney's Fees as premature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees [ECF No. 52] is **DENIED.**

So Ordered this 27th day of June, 2013.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE