UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAROLYN KLOECKNER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:09CV00804 ERW |
|  | ) |  |
| THOMAS PEREZ, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Carolyn Kloeckner's Motion to Compel and Supporting Brief [ECF No. 77]. The Court held a hearing on March 25, 2014, and the parties addressed this pending Motion.

This case arises out of the alleged discrimination against Plaintiff during her employment as an investigator at the St. Louis District Office of the Employee Benefits Security Administration, United States Department of Labor. In her Motion, Plaintiff asks the Court to compel discovery of two items. First, she seeks production of the Office of Inspector General (OIG) complaint filed against her by another anonymous employee. Section 7(b) of the Inspector General Act of 1978 prohibits disclosure of the OIG complainant "unless the Inspector General determines such disclosure is unavoidable during the course of the investigation." 5 U.S.C. App. 3, § 7(b). Therefore, the Court has conducted an in camera review of the OIG complaint, and has redacted the identity of the complainant, as well as other information that would obviously disclose such identity. The Court has provided the redacted OIG complaint to the parties under seal, in an attachment to the instant Memorandum and Order.

Second, Plaintiff seeks to compel production of various documents relating to employees

1

at the Kansas City Regional Office of the Employee Benefits Security Administration. Plaintiff has made requests for production of documents which the Court believes are overly broad in scope. Furthermore, the nature of the documents requested appears to be of questionable relevance. As currently presented, the Court is unable to fashion an order that will identify particular documents to be produced by particular individuals, or, in the alternative, individuals with particular employment titles, *e.g.*, Regional Director, or Deputy Regional Director. Because of the questionable relevance of documents in the Kansas City Regional Office, Plaintiff is instructed, within five days of the issuance of this Memorandum and Order, to narrowly define, with particularity, the documents sought for production. Defendant will have an additional three days to respond to Plaintiff's amended requests. After the parties have provided these submissions to the Court, a final decision will be made.

Finally, the parties have advised the Court mediation of this case would be unproductive. As a result, the Court's Order Referring Case to Alternative Dispute Resolution [ECF No. 76] will be vacated.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery and Supporting Brief [ECF No. 77] is **DENIED, in part, and GRANTED, in part.** After in camera review, and in conjunction with this Memorandum and Order, the Court has provided a redacted, sealed version of the Office of Inspector General complaint filed against Plaintiff.

**IT IS FURTHER ORDERED** that, within five days of the issuance of this Memorandum and Order, Plaintiff shall provide the Court with a narrowly defined discovery request, as described above, pertaining to the documents sought from the Kansas City Regional Office of the Employee Benefits Security Administration, United States Department of Labor.

**IT IS FURTHER ORDERED** that the Court's Order Referring Case to Alternative Dispute Resolution [ECF No. 76] is hereby **VACATED**.

Dated this  25th  Day of March, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE