## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CAROLYN M. KLOECKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV00804 ERW |
| | ) |
| THOMAS E. PEREZ, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Carolyn M. Kloeckner's Response to Court Order Dated March 25, 2014 [ECF No. 84], and Defendant Thomas E. Perez's Response to Plaintiff's Response to Court Order Dated March 25, 2014 [ECF No. 85].

**I.   BACKGROUND**

This case arises out of the alleged discrimination against Plaintiff during her employment as an investigator at the St. Louis District Office (SLDO) of the Employee Benefits Security Administration (EBSA), United States Department of Labor.  In her Motion to Compel [ECF No. 77], Plaintiff sought production of various documents relating to employees at the Kansas City Regional Office (KCRO) of the EBSA.  Plaintiff argued two of the individuals who discriminated against her – Regional Director Steven Eischen and Deputy Regional Director Steven Newman – were supervisors at the KCRO.  Therefore, Plaintiff maintained the relevant group of employees for purposes of showing disparate treatment included Kansas City employees.  Defendant objected on the basis investigators at the KCRO were not similarly situated to Plaintiff in all relevant aspects, because Plaintiff did not have the same supervisors as the investigators at the KCRO.  Defendant contended Plaintiff failed to demonstrate the KCRO

investigators engaged in the same conduct as she did, without mitigating or distinguishing circumstances.

On March 25, 2014, the Court held a hearing, and the parties addressed Plaintiff's Motion to Compel. The same day, the Court found the requested documents overly broad in scope and of questionable relevance. Thus, the Court ordered Plaintiff to narrowly define, with particularity, the documents sought for production. Both parties have responded to the Court's Order.

## II. DISCUSSION

In her Response to Court Order, Plaintiff seeks production of six categories of documents pertaining to the KCRO office, three categories of documents relating to allegations contained in Steve Eischen's affidavit, and one interrogatory. Before addressing these materials individually, the Court will make preliminary rulings regarding certain recurring issues raised by the parties.

### A. *Preliminary Rulings*

As an initial matter, Defendant contends documents relating to the KCRO are not discoverable at all. Specifically, Defendant argues KCRO documents lack any relevance to this case, because employees at the KCRO are not similarly situated to Plaintiff, who was employed at the SLDO. The Court will not deny Plaintiff's requests on these bases. While documents relating to a separate regional office would not be discoverable in most employment discrimination cases, Plaintiff's situation warrants a different outcome; that is, she alleges she was supervised by individuals working out of the KCRO. In addition, she alleges certain KCRO officials directed her supervisor at the SLDO to take discriminatory action against her. Therefore, the Court concludes Plaintiff has met the low burden of relevance to obtain a

reasonable amount of discovery from the KCRO.[1]  *See* Fed. R. Civ. P. 26(b)(1).

Additionally, the Court notes several of Plaintiff's requests pertain to individuals "who performed the same job as Plaintiff in the KCRO (whether titled investigators or auditors)."  *See* ECF No. 84 at 1, ¶¶ 1-4.  Other requests fail to limit production to any specific job title at all.  *See, e.g.*, ECF No. 84 at 2, ¶¶ 5-6.  According to Defendant, however, Plaintiff's official job title at the EBSA was "Senior Investigator" at a government pay-scale of GS-13.  ECF No. 85 at 2.  Also according to Defendant, from 2004 to 2006, the KCRO had 58 employees, 12 of which were Senior Investigators at the GS-13 pay-scale.  *Id.*  Therefore, in an effort to minimize the burden to Defendant, and in light of the relatively tenuous utility of KCRO discovery, the Court will limit Plaintiff's requests to information concerning Senior Investigators at the GS-13 pay-scale.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (allowing courts to limit the extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit").

Similarly, several of Plaintiff's requests pertain to the years 2004 through 2006.  *See, e.g.*, ECF No. 84 at 1, ¶¶ 1-4.  Some are not limited in time at all.  *See, e.g.*, ECF No. 84 at 2, ¶¶ 1-2.  Defendant, however, states Plaintiff left work in May 2005 without returning.  ECF No. 85 at 3.  In July 2006, she was officially terminated.  Therefore, in the interest of judicial economy, the Court will limit Plaintiff's instant requests to documents with dates beginning January 1, 2004, and ending April 30, 2005.

Finally, Defendant objects to several of Plaintiff's requests on the basis they were not in any of her previous requests, and therefore not the subject of her Motion to Compel.  In the

---

[1] Defendant also argues Plaintiff has failed to show she engaged in the same conduct as employees at the KCRO, without mitigating or distinguishing circumstances.  This argument is more properly the subject of a motion for summary judgment.  The Court cannot expect Plaintiff to establish KCRO employees engaged in the same conduct as her, without allowing her the chance to obtain discovery on that matter.

Memorandum and Order dated March 25, 2014, the Court ordered Plaintiff to redefine her discovery requests. Therefore, the Court will not deny any of Plaintiff's requests on this basis.

### B.     *Specific Categories of Discovery Sought*

Having limited Plaintiff's requests to Senior Investigators at the GS-13 pay-scale, and to documents dated January 1, 2004 through April 30, 2005, the Court will now address each of the six categories of documents pertaining to the KCRO, three categories of documents relating to allegations contained in Steve Eischen's affidavit, and one interrogatory sought by Plaintiff in her Response to Court Order.

#### 1.     *Documents Pertaining to the KCRO*

Plaintiff seeks six categories of documents pertaining to the KCRO, which, she alleges, are relevant to support her claim of discrimination. For reasons discussed *infra*, the Court denies, in part, and grants, in part, each request.

> **a.     Performance appraisals from 2004 through 2006 for those who performed the same job as Plaintiff in the KCRO (whether titled investigators or auditors).**

Defendant objects to this request "as irrelevant, overly burdensome, and not calculated to lead to admissible evidence." ECF No. 85 at 3. Defendant argues Plaintiff received ratings of "effective"[2] in her 2003 and 2004 performance appraisals; in 2005 and 2006, Plaintiff did not receive annual ratings, because she left work in May 2005 without returning.

The Court agrees, as written, this request is overly burdensome. As amended by the Court's preliminary rulings, *supra*, however, the request is reasonable. Plaintiff's "effective" rating does not necessarily make her request irrelevant, if, for example, every other employee obtained a "highly effective" rating. Therefore, the Court grants Plaintiff's request to the extent

---

[2] According to Defendant, the performance appraisal ratings are: "highly effective," "effective," "minimally satisfactory," and "unacceptable." ECF No. 85 at 3.

it seeks 2004 performance appraisals for KCRO Senior Investigators at the GS-13 pay-scale.

> b. **Use of time analyses (Time Totals by Case Days) for those who performed the same job as Plaintiff in the KCRO (whether titled investigators or auditors).**

Defendant objects to this request on the basis investigators at the KCRO are not similarly situated to Plaintiff. As explained above, the Court finds Plaintiff has shown documents from the KCRO are relevant to her claim. Therefore, the Court will grant this request as it pertains to Senior Investigators at the GS-13 pay-scale, and to analyses dated January 1, 2004 through April 30, 2005.

> c. **EMS[3] comparisons of those who performed the same job as Plaintiff in the KCRO (whether titled investigators or auditors) of all programs (e.g. P-48, P-52, P-52) to include dollar recoveries, time charged, and age of cases from 2004 to 2006.**

Defendant argues this request is vague and overbroad, because EMS reporting includes: time sheets (214s), "Civil Cases Closed During Period" (405s), "Total Time by Case Days" (140s), "Currently Open Inventory" (310s), "Cases With Monetary Results" (215As), "Criminal Cases Closed" (410s), "Time Tabs," "Tab Case Openings," and more. Defendant notes he has already produced 405 and 410 reports for the SLDO.

The Court agrees this request, as stated, is vague and overbroad, as evidenced by the voluminous categories listed by Defendant. However, because Defendant has already produced 405 and 410 reports for employees in the SLDO, the Court will allow corresponding documents for the KCRO, for purposes of comparison. Therefore, the Court will grant Plaintiff's request only to the extent it seeks 405 and 410 reports for Senior Investigators at the GS-13 pay-scale. As with other discovery subject to this Memorandum and Order, Plaintiff's request is limited to documents with dates commencing January 1, 2004 and ending April 30, 2005.

---

[3] According to Defendant, "EMS" stands for "Enforcement Management Systems."

> d. **The in-house performance comparison reports provided to all employees who performed the same job as Plaintiff (whether titled investigators or auditors) during trainings in the KCRO from 2004 through 2006. These reports allowed investigators/auditors to compare their performance to that of their peers and included both the employees of the SLDO and KCRO.**

Defendant objects to this request as vague and overbroad. The Court agrees this request is overbroad as written. However, as limited solely to Senior Investigators at the GS-13 pay-scale, the Court finds the requested documents sufficiently narrow in scope and discoverable. Additionally, Defendant does not explain how "in-house comparison reports" is a vague term, particularly in light of the second sentence of Plaintiff's request, which further describes the documents sought. The Court grants this request, to the extent it pertains to Senior Investigators at the GS-13 pay-scale, and to documents dated January 1, 2004 through April 30, 2005.

> e. **Any discrimination claims/complaints based upon age, gender, disability, hostile work environment, or retaliation filed against Steven Eischen or Steven Newman during the five years preceding Plaintiff's termination on July 21, 2006.**

Defendant objects to this request on several grounds – primarily on the ground it is overly broad and unduly burdensome. Ultimately, however, he represents "that there were no discrimination complaints filed against Steve Eischen or Steve Newman between 2003 and 2006 other than Plaintiff's." ECF No. 85 at 6. Because the Court has already restricted Plaintiff's request to documents dated January 1, 2004 through April 30, 2005, and due to Defendant's representations regarding this request, Plaintiff's request is denied as moot.

> f. **The swipe entry/exit records and time sheets of KCRO employees, which would allow Plaintiff to determine whether employees in the KCRO had discrepancies between the two records as Plaintiff was claimed to have justifying increased scrutiny.**

Defendant objects to this request as overbroad; Defendant states he has provided these

documents for the SLDO, which generated approximately 905 pages for the records of ten to 12 employees. Additionally, Defendant contends these records are irrelevant, because the entire SLDO was subject to increased scrutiny, not just Plaintiff.

The Court will grant Plaintiff's request in part. As amended by the Court's preliminary rulings, *supra*, the request is not overbroad. Moreover, by arguing the entire SLDO was subject to increased scrutiny, Defendant apparently expects the Court to accept his legal defense as undisputed fact. Therefore, Plaintiff's request it granted, to the extent it seeks records pertaining to Senior Investigators at the GS-13 pay-scale, and to documents dated January 1, 2004 through April 30, 2005.

2. *Documents Supporting Steven Eischen's Affidavit*

In her Response to Court Order, Plaintiff seeks three categories of documents relating to these contentions contained in Steven Eischen's affidavit. That is, in his affidavit, Steven Eischen states he noticed work efficiency at SLDO was lower than it was at KCRO. Upon further investigation, he says, he found Plaintiff and another male employee were taking an unusually high amount of time to close their cases. He continues,

> Asking the managers to more closely review information going into our data systems in order to ensure the integrity of those systems and reviewing time charges on individual cases to ensure that we are bring [sic] as efficient as possible caused the managers to more closely scrutinize everyone. Those employees who had problems in either or both areas received more attention from their supervisors. Since Ms. Kloeckner and a male employee were identified as having problems in both areas, their work and reports were carefully reviewed to ensure that they were correct and to help these employees make improvements.

ECF No. 85 at 9. In addition, Steven Eischen's affidavit discusses Steven Newman's 2005 Closed Case Quality Review of the SLDO. While Plaintiff contends Steven Newman reviewed only her work, Steven Eischen's affidavit swears, "This is totally incorrect. [Steven Newman] reviewed at least one closed case file for each investigator in the SLDO. Where significant

problems were discovered, additional files were reviewed." ECF No. 85 at 10. In her Response to Court Order, Plaintiff seeks three categories of documents to substantiate the claims set forth in Steven Eischen's affidavit, discussed as follows.

> a. Any documents supporting the "more attention" given to any KCRO employee who had problems with either or both of "integrity data systems" and "time charges."

Defendant objects to this request as overbroad, and argues the term "problems" is vague, ambiguous, and undefined. At first glance, the Court would agree. When read in context with the affidavit, however, the Court finds the term "problems" sufficiently clear for discovery purposes. In fact, Steven Eischen used this term to justify the additional attention paid to certain employees. Defendant cannot expect to assert "problems" as a legitimate reason for implementing close scrutiny, and then claim ignorance of the word's meaning to avoid producing discoverable material.

Therefore, the Court will grant this request to the extent it seeks documents supporting Steven Eischen's position that managers "more closely scrutinized" employees, other than Plaintiff, as a result of their investigation into the integrity of the data systems and time charges on individual cases. As with all other rulings in this Memorandum and Order, this discovery ruling is limited to documents pertaining to Senior Investigators at the GS-13 pay-scale. In addition, the Court expects the time frame of these documents, to the extent they exist at all, to be narrow, and only relate to the investigation described in the affidavit.

> b. Any efforts made to obtain accurate reports in a timely manner from any employees in the KCRO.

Defendant objects to this request as overbroad and vague. The Court agrees. Even applying the preliminary rulings, the Court cannot discern with sufficient clarity the terms "accurate" and "timely." Moreover, there appears to be no limitation as to what may constitute

an "effort," or what type of "reports" Plaintiff seeks.  Plaintiff's request is denied.

          **c.    Any documents supporting Steve Newman's review of additional files as a result of significant problems identified during the Closed Case Quality Review of February 2005.**

Defendant states he "previously produced documents responsive to this request."  ECF No. 85 at 10.  Specifically, Defendant states he produced documents responsive to Plaintiff's original, unamended request, which reads, "All documents evidencing Steve Newman's review of additional files when significant problems were identified during the Closed Case Quality Review in February 2005 as stated by Steve Eischen at p. 20 of his affidavit."  *See* ECF No. 77-1 at ¶ 42.  Defendant articulates no other objection to this request.  *See* ECF No. 85 at 10.

In fact, Defendant's response to Plaintiff's original request reads, "RESPONSE: *Any documents responsive to this Request were produced in the Report of Investigation and at the Administrative Level????*"  ECF No. 77-1 at ¶ 42 (emphasis in original).  Given the question marks at the end of this statement, the Court cannot conclusively state Defendant adequately responded to this request.  Because Defendant articulates no other objection to this discovery, Plaintiff's request is granted.

      3.    *Interrogatory*

Finally, Plaintiff requested through an interrogatory "the name, age, gender, and length of service of each employee of the KCRO from 2004 through 2006."  ECF No. 84 at 3.  Plaintiff contends this information was provided for the SLDO, but not the KCRO, "preventing Plaintiff from fully analyzing her discrimination claims as they relate to Steven Newman and Steven Eischen from the KCRO."  ECF No. 84 at 3.

For reasons previously explained, the Court will grant this request, but only to the extent it applies to Senior Investigators at the GS-13 pay-scale, who worked at the KCRO during the time period beginning January 1, 2004 and ending April 30, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that the discovery requests contained in Plaintiff Carolyn Kloeckner's Response to Court Order Dated March 25, 2014 [ECF No. 84] are **GRANTED, in part, and DENIED, in part,** as set forth above.

Dated this  8th  Day of April, 2014.

                                         *E. Richard Webber*
                                         E. RICHARD WEBBER
                                         SENIOR UNITED STATES DISTRICT JUDGE