UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN KLOECKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00804 ERW |
| | ) | |
| THOMAS PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Carolyn Kloeckner's Second Motion to Compel Discovery and Supporting Brief [ECF No. 87]. On May 20, 2014, the Court held a hearing, and the parties addressed this pending Motion.

This case arises out of the alleged discrimination against Plaintiff during her employment as a GS-13 investigator at the St. Louis District Office (SLDO) of the Employee Benefits Security Administration, United States Department of Labor. On May 1, 2008, Plaintiff filed a Complaint against Defendant Secretary of Labor, alleging claims of gender and disability discrimination, as well as retaliatory discrimination. In her Motion, Plaintiff asks the Court to compel discovery of two items.[1]

### A. *Performance Evaluations for GS-12 Auditors in the SLDO*

First, Plaintiff seeks production of the 2003/2004 and 2004/2005 performance evaluations for two GS-12 auditors, Barbara Breig and Bill Brown, in the SLDO. Plaintiff

---

[1] Plaintiff originally sought production of a third category of documents, namely, "[a]ny and all emails exchanged between S. Newman and Laura Lammert relating and/or pertaining to Plaintiff and/or her conduct and performance." ECF No. 87 at 3. At the hearing, the parties agreed Defendant has complied with this request, and it is, therefore, now moot.

argues she is entitled to these documents, because, during the EEOC investigation, her immediate supervisor, Gary Newman, alleged he treated all SLDO employees alike. Plaintiff further asserts these documents are relevant, because GS-12 auditors perform similar, albeit not identical, employment duties as GS-13 investigators. Defendant responds these employees are irrelevant to this case, because they are "simply in a different category" from Plaintiff, who was a GS-13 investigator. At the hearing, Defendant expressed concern that compelling production of these documents will open the door to new issues and further discovery.[2]

The Court will grant Plaintiff's request, which is limited to four documents[3] and places a negligible burden on Defendant. The Court finds the requested evaluations are relevant in light of the following facts: (1) GS-12 auditors and GS-13 investigators perform at least some overlapping duties; (2) the GS-12 auditors were under the direct supervision of the same person as Plaintiff, and worked out of the same office as Plaintiff; and (3) during the EEOC investigation, Gary Newman represented he gave equal treatment to all SLDO employees, including GS-12 auditors.

That said, the Court shares Defendant's concerns about keeping the scope of discovery within reasonable limits. At the hearing, Plaintiff's counsel expressed she would adhere to this case's discovery deadline, which has already passed. She represented she would not seek further discovery based on documents within the scope of the instant Motion to Compel, and she stated she seeks this discovery primarily for purposes of cross-examination. The Court's decision to compel production of these documents is predicated on these averments. Plaintiff's first request is granted.

---

[2] Liability discovery in this case closed on April 28, 2014.
[3] Plaintiff seeks two performance evaluations for each of the two GS-12 auditors in the SLDO.

### B. *Closed Case Quality Review Documents*

Second, Plaintiff asks the Court to compel production of documents from the "Closed Case Quality Review" (CCQR) conducted in February and March 2005, including a summary identifying specific employees with alleged performance issues, as well as problematic individual case reviews prepared by Deputy Regional Director Steven Newman. Upon receiving Plaintiff's Motion, Defendant produced an email from Steven Newman, an attachment listing fourteen cases, and corresponding "checksheets" for all GS-13 investigators, including those at the Kansas City Regional Office (KCRO), and GS-12 Investigators in the SLDO. Therefore, the only remaining documents in dispute are CCQR checksheets for four KCRO employees, two of which are GS-12 investigators, and two of which are GS-12 auditors. *See* ECF No. 89 at 3.

The Court will not compel production of these documents. In a previous Memorandum and Order, the Court, noting the tenuous relevance of facts pertaining to any office but the SLDO, limited discovery relating to the KCRO to senior investigators employed at the GS-13 pay-scale. Moreover, the Court finds the relevance of these documents too dubious to be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). These employees had different direct supervisors, at least partially different job descriptions, and different working environments. Defendant has already provided Plaintiff with a substantial number of more relevant documents arising out of the CCQR. Plaintiff's second request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carolyn Kloeckner's Second Motion to Compel Discovery and Supporting Brief [ECF No. 87] is **GRANTED, in part, and DENIED, in part,** as set forth above.

Dated this  20th  Day of May, 2014.

                                              E. RICHARD WEBBER
                                              SENIOR UNITED STATES DISTRICT JUDGE