UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN M. KLOECKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  4:09CV00804ERW |
| | ) |
| THOMAS E. PEREZ | ) |
| Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S TRIAL BRIEF**

COMES NOW Defendant, Thomas E. Perez, Secretary of Labor, by and through his undersigned attorneys, and submits this Trial Brief to the Court and opposing counsel:

**I. INTRODUCTION**

Defendant filed a Memorandum in Support of Summary Judgment regarding all claims of discrimination contained in Plaintiff's Complaint.  [Doc. 96]  Accompanying Defendant's Memorandum in Support was a fourteen page Statement of Uncontroverted Material Facts consisting of 62 separately numbered paragraphs. [Doc. 97].  Plaintiff filed an Opposition to Summary Judgment accompanied by Plaintiff's Statement of Facts which included 178 additional paragraphs. [Docs. 103, 101]  Defendant then submitted his Reply Memorandum.  [Doc. 108]  For purposes of brevity and the avoidance of redundancy, Defendant incorporates by reference his statement of uncontroverted facts, submitted during the summary judgment phase, as if fully set out herein, as well as Defendant's Memorandum in Support of Summary Judgment and his Reply. On August 19, 2014, this Court entered a Memorandum and Order dismissing

1

Plaintiff's claim of disability discrimination and Plaintiff's recent claim of constructive discharge. [Doc. 109] Thus, Plaintiff's case proceeds to trial on the claims of 1) sex discrimination, 2) hostile work environment, and 3) retaliation.

## II. ARGUMENT

### A. Sex Discrimination.

To establish a *prima facie* case of sex discrimination, Plaintiff must prove she "(1) belongs to a protected class; (2) possessed qualifications to perform her job; (3) suffered an adverse employment action; and (4) received different treatment than similarly situated employees who did not belong to the protected class." Rester v. Stephens Media, LLC, 739 F.3d 1127, 1130-31 (8th Cir. 2014)(citing Wilkie v. Dep't of Health & Human Services, 638 F.3d 944, 954-55 (8th Cir. 2011)).

To show that the non-protected class members are similarly situated, a plaintiff must show that they are similarly situated in all relevant respects to the [male] employees. Wright v. St. Vincent Health Sys., 730 F.3d 732, 741 (8th Cir. 2013). Plaintiff must show her and her male coworkers were "involved in or accused of the same or similar conduct and were disciplined in different ways." Wimbley v. Cashion, 588 F.3d 959, 962 (8th Cir. 2009). A similarly situated individual must "have dealt with the same supervisor, have been subject to the same standards, and engage in the same conduct without mitigating or distinguishing circumstances." Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004), quoting, Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000). A plaintiff and a prospective comparator with different job duties and locations are not comparables. Riser v. Target Corp, 458 F.3d 817, (8th Cir. 2006);

2

Bauer v. Curators of the Univ. of Mo., No. 07-4044-CV-C-MJW, 2011 WL 2940455, at *2 (W.D. Mo. July 19, 2011).

" 'A materially adverse action must be more disruptive than a mere inconvenience or an alteration of job responsibilities.  There must be a material change in employment status - - a reduction in title, salary, benefits.'" Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006) (quoting Wenzel v. Missouri – American Water Co., 404 F.3d 1038, 1042 (8th Cir. 2005)).  "Although actions short of termination may constitute adverse employment actions…'not everything that makes an employee unhappy is an actionable adverse action." Hughes v. Stottlemyre, 454 F.3d 791, 797 (8th Cir. 2006)(quoting Montandon v. Farmland Indus., Inc., 116 F.3d 355, 59 (8th Cir. 1997)).  "[C]hanges in duties or working conditions that cause no material significant disadvantage" do not establish a *prima facie* case. Id. (internal quotations omitted). Minor changes in duties or working conditions, with no materially significant disadvantage, do not constitute adverse employment actions." Phillips v. Collings, 256 F.3d 843, 848 (8th Cir. 2001). "[O]therwise every trivial personnel action that an irritable…employee did not like would form the basis of a discrimination suit." Lederberger v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997).

Defendant argues that Plaintiff cannot establish a *prima facie* of sex discrimination and a directed verdict should be entered at the close of Plaintiff's case.  Assuming Plaintiff establishes a *prima facie* case at trial, Defendant will submit evidence at trial to establish that all actions taken against Plaintiff were for legitimate, non-discriminatory reasons and were not pretexual. Thus, a directed verdict should be entered at the close of all the evidence on the claim of sex discrimination and not submitted to the jury.

    **B.**   **Hostile Work Environment Claim**

To establish a *prima facie* case of hostile work environment, Plaintiff "must show (1)

3

membership in a protected group; (2) the occurrence of unwelcomed sexual harassment; (3) that the harassment occurred because of her sex; and (4) that the harassment affected a term, condition or privilege of her employment." Rester v. Stephens Media, LLC, 739 F.3d 1127, 1130-31 (8th Cir. 2014)(citing Anderson v. Family Dollar Stores of Ark., Inc., 579 F.3d 858, 862 (8th Cir. 2009)).  The Rester court further stated that "[t]his 'demanding' standard requires 'extreme' conduct 'rather than merely rude or unpleasant' conduct." Rester, at 1131, (quoting Cross v. Prairie Meadows Racetrack & Casino, Inc., 615 F.3d 977, 981 (8th Cir. 2010)). "We look to the totality of the circumstances to consider whether the plaintiff has established 'that discriminatory intimidation, ridicule, and insult *permeated* the workplace." (emphasis added by Rester court) Rester, at 1131 (quoting Cross v. Prairie Meadows Racetrack & Casino, Inc., at 981.

Title VII has long been recognized to be violated by conduct severe or pervasive enough to create an objectively hostile work environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) The Supreme Court has explained that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances." Id., at 23 Such circumstances "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance," and the effect on the employee. Id.

Plaintiff alleges a variety of single, discrete acts between the Summer of 2004 and May 18, 2005, the day she walked out of the office, in hopes of establishing a hostile work environment. However, Defendant will submit evidence at trial from St. Louis District Office ("SLDO") employees that worked with and around Plaintiff on a daily basis, both male and

female, that contradicts all of Plaintiff's allegations regarding hostile work environment.  None of the SLDO employees, heard or witnessed Plaintiff's Direct Supervisor ("DS") Gary Newman, Associate Regional Director ("ARD") Steve Newman, or Regional Director ("RD") Steve Eischen make derogatory remarks about women or call them derogatory names and did not observe DS Gary Newman treat Plaintiff in an unprofessional or inappropriate manner.

ARD Newman did not hold a supervisory role and he was not DS Gary Newman's supervisor.  The position held by ARD Newman was a technical position. During the time relevant to the allegations contained in the Complaint, ARD Newman had his office in Kansas City, MO at the Kansas City Regional Office ("KCRO")  It is undisputed that ARD Newman did not come to St. Louis that often.  In fact, ARD Newman was in travel status to the SLDO only 16 days from February 9, 2004 through May 13, 2005.

At the close of all of the evidence, Defendant should be entitled to a directed verdict, as a matter of law, on Plaintiff's Hostile Work Environment claim.

### D.     Retaliation

To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that she engaged in statutorily protected activity, she suffered an adverse action, and a causal connection exists between the two.  Gilbert v. Des Moines Area Community College, 495 F.3d 906, 917 (8th Cir. 2007).  To establish causation, Plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  University of Texas Southern Medical Center v. Nassar, 133 S.Ct. 2517, 2533 (2013).  "In the retaliation context, a materially adverse employment action is one that might have persuaded a reasonable worker from making or supporting a charge of discrimination." Jackman v. Fifth Judicial Dist. Dept. of Correctional Servs., 728 F.3d 800, 804-05 (8th Cir. 2013).

Plaintiff claims that the retaliatory actions in this case are placing her in Absent Without Leave (AWOL) status, and ultimately terminating her effective July 21, 2006, approximately 16 months after she left the office and did not return. As this Court stated in its Memorandum and Order, "Plaintiff's Complaint only alleges her removal from service constituted an adverse employment action for purposes of her retaliation claim…the Court will not consider Plaintiff's placement on AWOL status as an independent basis for her retaliation claim. That said, her placement on AWOL status may be relevant to whether purportedly legitimate employment actions were pretexual." [Doc. 109, p. 21, n 14]

Defendant placed Plaintiff on and off AWOL and ultimately terminated her in July of 2006, for legitimate, non-discriminatory reasons. The evidence adduced at trial will establish that Defendant attempted numerous times to get Plaintiff to comply with the Sick Leave policy and submit accompanying medical documentation to which she either failed one or the other or both throughout the relevant timeframe. Thus, her continued failure for numerous months to abide by an admittedly known Leave policy, led to a legitimate termination.

At the close of all of the evidence, Defendant should be entitled to a directed verdict, as a matter of law, on Plaintiff's Retaliation claim. Plaintiff cannot provide evidence that creates a reasonable inference that retaliation was a "but-for" factor in Defendant's employment decisions regarding Plaintiff, specifically regarding termination. Thus, Defendant Defendant's reasons were not pretextual and Plaintiff's claim of retaliation fails.

## **CONCLUSION**

Defendant is entitled to a directed verdict as a matter of law. Plaintiff will fail establish a case of gender discrimination regarding disparate treatment, she will fail to establish a hostile work environment, and Plaintiff will fail to establish retaliation regarding her removal from

6

employment. Accordingly, at the close of all the evidence and prior to the case being submitted to the jury, Defendant will seek that this Court enter judgment as a matter of law in its favor regarding Plaintiff's claim of gender discrimination, hostile work environment and retaliation.

>Respectfully submitted,
>
>RICHARD G. CALLAHAN
>United States Attorney
>
> *s/ Nicholas P. Llewellyn*
>NICHOLAS P. LLEWELLYN    #52836
>Chief, Civil Division
>Thomas F. Eagleton U.S. Courthouse
>111 South Tenth Street, 20th Floor
>St. Louis, Missouri 63102
>(314) 539-7637
>(314) 539-2777 FAX
>Email:   nicholas.llewellyn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, the foregoing *Trial Brief* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Lynette M. Petruska
Pleban & Petruska Law LLC
lpetruska@plebanlaw.com
Attorney for Plaintiff

> *s/ Nicholas P. Llewellyn*
>NICHOLAS P. LLEWELLYN