UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN M. KLOECKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09-cv-00804 ERW |
| | ) | |
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff, Carolyn M. Kloeckner, by and through counsel, pursuant to this Court's Amended Case Management Order dated October 31, 2013 (doc. 68) and submits the following trial brief of legal and factual issues, together with anticipated substantive or procedural problems:

## I. INTRODUCTION

Many of the factual and legal issues relating to Plaintiff's claims were briefed through Defendants' summary judgment motion, and therefore, are not discussed herein for the sake of brevity. By way of example, the elements of the surviving causes of action (gender discrimination, hostile work environment, and retaliation) were not only briefed by the parties but detailed in this Court's own Memorandum and Order dated August 19, 2014 (doc. 109), and not repeated herein.

## II. ANALYSIS

### A. Similarly Situated Employees at the Pretext Stage

This Court held that a different standard applies for determining whether employees are

similarly situated at the prima facie case and pretext stages of a case, with the court applying a more rigorous standard at the pretext stage. Memorandum and Order (doc. 109), p. 12. At the pretext stage, the 8th Circuit Court of Appeals has held that the employee must show that "she and the employees outside of her protected group were similarly situated in all **relevant** respects." *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 853 (8th Cir. 2005) (emphasis added), *abrogated* as to deferential standard of review in, *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). Therefore, to be probative, the "misconduct of more leniently disciplined employees must be of 'comparable seriousness'" but not identical to be similarly situated. *Id.* The 8th Circuit has been clear that similarly situated employees need not engage in the exact same conduct/offense for purposes of this analysis. *Lynn v. Deaconess Med. Center-West Campus*, 160 F.3d 484, 488 (8th Cir. 1998), *abrogated* as to deferential standard of review in, *Torgerson*, 643 F.3d at 1043. Otherwise evidence of more favorable treatment of an employee who committed a different but more serious offense (and possibly even a criminal offense) could not be used to prove illegal discrimination. *Id.* Here Plaintiff alleges that a managerial employee engaged in different, but more serious misconduct. That the Regional Director did not investigate these serious matters, much less discipline the manager, is evidence of disparate treatment even under the more rigorous test applied at the pretext stage.

Additionally, as to the two Kansas City G-13's who had similar conduct/performance issues according to Closed Case Quality Review and performance appraisals, Defendant has taken the position that these employees were not similarly situated in all respects because their immediate supervisor was different from Plaintiff's. The 8th Circuit has held that to be similarly situated employees must deal with the same supervisor or "the decision-maker must be the same in both instances." *Betz v. Chertoff*, 578 F.3d 929, 934 (8th Cir. 2009). Here it was S. Eischen

and S. Newman who purportedly directed the immediate supervisors to focus on "poor performing" employees and those identified in the Closed Case Quality Review. They also directed G. Newman's actions. Therefore, Plaintiff and the Kansas City G-13 employees are similarly situated for purposes of the more rigorous test.

      **B.**      **Ongoing Confidentiality of OIG Complainant**

As this Court noted in its summary judgment order, Plaintiff has identified who she believes is the OIG complaint, which calls into question the fairness of the manager assigned to investigate the complaint. Plaintiff further believes that a jury could reasonably infer that these two employees were working together to either create the environment that would force Plaintiff to resign or provide reason to fire her as set forth in the Complaint. During the discovery phase of this case, Plaintiff's counsel had no objection to redacting the identity of the OIG complainant so that discovery could be conducted relating to the substance of the allegations against Plaintiff, while maintaining the confidentiality of the complainant in the event there was insufficient evidence to proceed to trial.

Now that the Court has concluded that there is sufficient evidence to proceed to trial, Plaintiff requests that the identity of the OIG complainant be released (that the OIG complaint be provided to her unredacted for use at trial). Plaintiff believes this request is appropriate because she reasonably believes that she already knows the identity of the OIG complainant, as confirmed by the complainant's ex-husband, which information was provided at a time when the complainant was no longer married to her ex-husband, and therefore, not privileged. Additionally, before denying being told the identity of the OIG complainant by the complainant based upon the objections of the Department of Labor counsel, St. Louis District Office Employee Barbara Breig testified that the complainant told her s/he filed the complaint. See

Exhibit 1, 83:4-14, attached hereto and incorporated by reference herein. Clearly, there is no reason to protect the identity of an OIG complainant who has not kept his/her identity confidential.

Plaintiff could find no case law on this issue, other than § 7(b) of the Inspector General Act of 1978, which provides that the Inspector General shall not disclose the identity of a complainant without the consent of the employee, unless disclosure is unavoidable in the course of the investigation. Here the OIG conducted no investigation due to the nature of the complaint. The Department of Labor's own website shows that the identity of an OIG complainant is not absolutely privileged. Those filing complaints are advised that confidentiality is honored unless disclosure is required by order of law (e.g. court order, subpoena). Therefore, even the Department of Labor recognizes that this Court has the authority to order the disclosure of the identity of the OIG complainant in this case, and this identity should be disclosed to permit Plaintiff to fully present her theory of this case. See Exhibit 2 attached hereto and incorporated by reference herein.

   **C.**   **Opinions of Dr. Galit Askenazi Regarding Plaintiff's Credibility/Malingering**

On September 5, 2014, Defendant provided Plaintiff with the Rule 35 report of Dr. Galit Askenazi, which comments on the credibility of Plaintiff both as to her previous report of the events at issue in this case and current psychological condition. By way of example, Dr Askenazi opines that Plaintiff is "grossly exaggerating, if not fully fabricating, symptoms of psychopathology." Report, p. 23. She further opines that Plaintiff's testimony is inconsistent with the notes of a Physician Assistant, who treated Plaintiff at the time of her discharge. Report, p. 9. This issue will be addressed in more detail in Plaintiff's Motion in Limine but Plaintiff wishes to bring it to the Court's attention at this time.

Generally, expert testimony is permitted under *Daubert* if it is both reliable and relevant. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 882-83 (8th Cir. 1998). Relevancy depends on whether the evidence "can properly be applied to assist the trier of fact to decide facts in issue. Such evidence is not helpful if it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury." *Id.* at 883. Testimony impugning Plaintiff's "psychiatric credibility" and regarding malingering, particularly as it relates Plaintiff's overall credibility is not the proper subject of expert testimony under Fed.R.Evid. 702. *Id.* Rather, Dr. Askenazi's report and likely testimony based thereon goes to the heart of the jury's task – whether Plaintiff should be believed. As the Court recognized in *Nichols*, these types of opinions "create a serious danger of confusing or misleading the jury, see Fed.R.Evid. 403, causing it to substitute the expert's credibility assessment for its own common sense determination." *Id.* Dr. Askenazi should not be permitted to comment on Plaintiff's credibility/reliability under the "guise of a medical opinion," as such testimony would go beyond the scope of proper expert testimony. *Id.*

D. **Collateral Source Rule**

Defendant may attempt to introduce evidence during trial that Plaintiff has received Social Security Disability benefits since October 2010, retroactive to May 18, 2005. Such benefits are from a collateral source, and therefore, cannot be deducted from any damage award made by the jury. *Doyne v. Union Elec. Co.*, 953 F.2d 447, 451-52 (8th Cir. 1992). See also *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 793-94 (3rd Cir. 1985) (under the collateral source rule payments from Social Security, welfare programs, and unemployment are not set-off against damages awarded in a disability case).

E. **G. Newman's Statements to Kloeckner**

Plaintiff intends to introduce into evidence statements made to her by District Supervisor, G. Newman. While Plaintiff does not believe this will be an issue given the briefing on summary judgment, Federal Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay when "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Because G. Newman was an agent of the Department of Labor and made statements within the scope of the relationship, his statements are admissible against Defendant.

> Respectfully submitted,
>
> PLEBAN & PETRUSKA LAW, LLC
>
> by: /s/ Lynette M. Petruska
> C. John Pleban, Mo. Bar No. 24190
> cpleban@plebanlaw.com
> Lynette M. Petruska, Mo. Bar No. 41212
> lpetruska@plebanlaw.com
> 2010 S. Big Bend Blvd.
> St. Louis, MO 63117
> 314-645-6666 - Telephone
> 314-645-7376 – Facsimile
>
> Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record in the above-referenced case to include Nicholas P. Llewellyn, counsel for Defendant.

/s/ Lynette M. Petruska