UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAROLYN M. KLOECKNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:09CV00804 ERW |
| THOMAS E. PEREZ, Secretary of Labor, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on "Plaintiff's Motion to Clarify Protective Order" [ECF No. 159].

In the Motion, Plaintiff's counsel seeks clarification of the Court's Protective Order [ECF No. 75] as it applies to information designated as confidential but then admitted as an exhibit at trial (hereafter "designated exhibits"). Plaintiff has requested portions of her file from her counsel, "to include but not be limited to all documents introduced as exhibits during the trial of her case" [ECF No. 159 at ¶ 1], and Plaintiff's counsel seeks clarification as to whether the Protective Order requires her to return her copies of the designated exhibits to Defendant before releasing the case file to Plaintiff. Because the Court did not take steps "to preserve the confidentiality of exhibits designated as confidential information when admitted at trial," it is Plaintiff's counsel's belief the designated exhibits "are no longer confidential under the terms of this Court's Protective Order;" but she adds, "However, to avoid violating the letter or spirit of this Court's Protective Order in complying with counsel's obligations pursuant to Formal

Opinion 115,[1] undersigned counsel respectfully requests clarification from this Court as to her ability to provide the exhibits admitted at trial to Plaintiff" [ECF No. 159 at ¶ 5].

Regarding the release of case files to clients, the Protective Order states:

> All documents and copies of documents designated as confidential shall be returned to the party producing it at the conclusion of this case to include any appeals, except that counsel for the parties may retain one (1) copy of the records produced pursuant to this Protective Order, which copy shall be maintained in counsel's files and which documents shall continue to be subject to the terms of this Protective Order. Should a party request his/her/its file(s) from counsel, any material produced pursuant to and subject to this Protective Order shall be returned to the party producing such documents prior to the release of such file(s) to the requesting party.

[ECF No. 75 at ¶ 14]. Regarding the introduction of confidential evidence at trial, the Protective Order states:

> If, at the same time of trial, either party intends to introduce into evidence any information designated as confidential, the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. Nothing herein shall be interpreted as preventing or hindering the introduction of any confidential information over and above the introduction of other types of evidence.

[ECF No. 75 at ¶ 12].

Here, Paragraph 14 no longer requires Plaintiff's counsel to return to Defendant any copies of the designated exhibits before releasing the case file to Plaintiff. No steps were taken at trial to preserve the confidentiality of the designated exhibits when they were admitted. When such documents entered the public domain, there was no longer a reason to apply the protections

---

[1] The Advisory Committee for the Missouri Bar has stated it is ethically improper for an attorney to "withhold from his client papers, books, documents[,] or other personal property which belong to the client and came to the attorney in the course of his professional employment to enforce payment of fees or expenses owed to the attorney by the client[.]" Missouri Supreme Court Advisory Committee, Formal Opinion 115 at 1. More pointedly, the opinion states, "The Advisory Committee is of the opinion that the file belongs to the client, from cover to cover, except for those items contained within the file for which the attorney has borne out-of-pocket expenses such as, but not limited to, transcripts." *Id.*

offered by the Protective Order, and if the parties wanted the protections to apply beyond the exposure of the information at trial, they could have adopted such language in the Protective Order. Thus, the Court finds the designated exhibits are no longer "subject to" the Protective Order, and therefore, Paragraph 14, which applies to "any material produced pursuant to *and subject to*" the Protective Order, does not apply to the designated exhibits and does not require Plaintiff's counsel to return her copies of the designated exhibits to Defendant. Plaintiff's counsel may release the case file to Plaintiff without removing documentation of information originally designated as confidential but later admitted as an exhibit at trial.

It is so Ordered.

Dated this  12th  Day of November, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE