UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN M. KLOECKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV00804 ERW |
| | ) |
| THOMAS E. PEREZ, Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Thomas E. Perez's Motion for Bill of Costs [ECF No. 157].

### I. BACKGROUND

On October 10, 2014, a jury returned a verdict in favor of Defendant Thomas E. Perez regarding all of Plaintiff Carolyn M. Kloeckner's claims. The Court subsequently entered judgment on the verdict. On October 24, 2014, Defendant filed a Motion for Bill of Costs [ECF No. 157], asking the Court to tax Plaintiff $10,347.26. Plaintiff responded on October 31, 2014, objecting to various amounts claimed by Defendant [ECF No. 158]. Subsequently, Defendant filed his Response to Plaintiff's Objections, which included an Amended Bill of Costs [ECF Nos. 160; 160-1]. In this filing, Defendant reduced the amount sought to $9,571.09, rendering some of Plaintiff's objections moot. The amount currently sought represents fees for printed or electronically recorded transcripts, witness fees, and parking fees.

### II. DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*,

417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal citations omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Plaintiff has a number of remaining objections to Defendant's Motion.[1] In particular, Plaintiff objects to the amount of witness fees sought by Defendant.[2] Specifically, Plaintiff objects to the amount of requested subsistence allowance, the number of days for which Defendant seeks attendance and subsistence allowance (for one witness in particular), and the lack of invoices provided by Defendant.

Again, Defendant's Amended Bill of Costs has three categories: transcript fees, witness fees, and parking fees. The Court will address the requested fees in this order.

### A. *Fees for Transcripts*

Defendant incurred $6,408.97 in fees for transcripts. Plaintiff does not object to the

---

[1] The Court will not discuss the objections made moot by the filing of Defendant's Amended Bill of Costs.

[2] The witness fees specified in § 1920(3) are further defined in 28 U.S.C. § 1821.

taxation of this amount. The Court will therefore tax Plaintiff $6,408.97.

### B. *Witness Fees*

Defendant seeks to recover $3,148.12 in witness fees. In particular, Defendant seeks attendance fees for Barbara Breig, Steve Eischen, Jack Heller, Gary Newman, Galit Askenazi, and Leonard Goggio, as well as subsistence and mileage fees for Breig, Eischen, and Askenazi.

Plaintiff has not objected to the attendance fees sought for Leonard Goggio, and there are no remaining objections to the attendance fees sought for Jack Heller and Gary Newman. Therefore, the Court will tax Plaintiff $40.00 for Jack Heller's attendance fee (one day), $80.00 for Gary Newman's attendance fee (two days), and $40.00 for Leonard Goggio's attendance fee (one day).[3]

Mileage Allowance:

Pursuant to 28 U.S.C. § 1821(c),[4] Defendant seeks a mileage allowance for the travel of Barbara Breig (190 miles for $106.40), Steve Eischen (514 miles for $287.84), and Galit Askenazi (50 miles for $28.00). However, Defendant provides no documentation in support of these mileage expenses. The Bill of Costs simply states the purported number of miles and the "total cost" for that mileage (calculated at a rate of $0.56 per mile). "Courts have routinely rejected mileage requests where the supporting documentation has been found inadequate." *Lift Truck Lease and Service, Inc. v. Nissan Forklift Corp., North America*, 2013 WL 6331578, at *4

---

[3] 28 U.S.C. § 1821(b) states: "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

[4] 28 U.S.C. § 1821(c)(2) states: "A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services."

(E.D. Mo. Dec. 5, 2013) (citing *Morrissey v. County Tower Corp.*, 568 F. Supp. 980, 982 (E.D. Mo.), *aff'd on other grounds*, 717 F.2d 1227 (8th Cir. 1983); *Amana Soc., Inc. v. Excel Eng'g, Inc.*, 2013 WL 427394, at *9 (N.D. Iowa Feb. 4, 2013) (check from party's counsel to witness was insufficient evidence to support mileage cost); *Long v. Cottrell, Inc.*, No. 4:99-CV-181 CDP, slip op. at 5; *Aerotronics, Inc. v. Pneumo Abex Corp.*, No. 4:91-CV-713 CAS, slip op. at 8 (E.D. Mo. June 4, 1996) ("mileage costs will not be taxed for lack of documentation.")). The Court finds Defendant has failed to adequately document the claimed mileage for Breig, Eischen, and Askenazi. Therefore, the Court will not tax Plaintiff the $422.24 requested by Defendant for mileage.

Barbara Breig:

Pursuant to 28 U.S.C. § 1821(b) and (d)[5], Defendant seeks attendance fees (for two days) and subsistence allowance (for one day) for Barbara Breig. In her original response [ECF No. 158], Plaintiff argued Breig was not entitled to any subsistence allowance ("because she was not living so far away from the district court as to prohibit her travel from day to day") and was only entitled to an attendance fee for one day (because she only testified on one day) [ECF No. 158 at 1]. However, in her response to Defendant's Amended Bill of Costs [ECF No. 162], Plaintiff acknowledged Breig stayed with a family member the night before her court appearance and stated, "Defendant continues to request $66.00 as a subsistence allowance for Barbara Breig, unsupported by any invoice" [ECF No. 162 at 1]. The Court takes this to mean Plaintiff no

---

[5] 28 U.S.C. § 1821(d) states:
    (1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such lace is so far removed from the residence of such witness as to prohibit return thereto from day to day.
    (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

longer contests Breig: (a) needed to travel to St. Louis; (b) needed to spend a night in St. Louis; and (c) qualifies for some amount (if not $66.00) of subsistence allowance.  However, regardless of Plaintiff's current stance on these issues, the Court agrees with Defendant in part and will tax Plaintiff for two days in attendance fees and one day of subsistence.  However, although Defendant requested the correct attendance fee amount ($80.00), $66 is an improper subsistence amount here.  While it is true the Meals and Incidental Expenses ("MIE") per diem for St. Louis, Missouri for fiscal year 2014 is $66.00 per day,[6] that amount is reduced to $49.50 on the first and last day of travel.[7]  Because Breig's trip was over a two-day period, the MIE (and total subsistence allowance) for the one day requested here is limited to $49.50.  The Court will not require Defendant to produce any invoices or receipts to receive this per diem amount.  Thus, the Court will tax Plaintiff $80.00 for Breig's two-day attendance fee and $49.50 for Breig's one requested day of subsistence allowance.

Steve Eischen:

Pursuant to 28 U.S.C. § 1821(b) and (d), Defendant has requested seven days of attendance fees and subsistence allowance for Steve Eischen.  By way of private vehicle,[8] Eischen traveled to St. Louis from Kansas City the day before trial started, attended all five days of trial, and traveled back to Kansas City the day after the trial ended.  Plaintiff objects to both the number of days (and thus the amount of attendance fees and subsistence allowance requested), as well as the lack of invoices for subsistence expenses (other than Eischen's hotel bills for the six nights he stayed in St. Louis) [ECF Nos. 158 at 1-2; 162 at 1-2].  While Plaintiff

---

[6] *Per Diem Rates for Missouri*, United States General Services Administration, http://www.gsa.gov/portal/category/100120.

[7] *Meals and Incidental Expenses (M&IE) Breakdown*, United States General Services Administration, http://www.gsa.gov/portal/content/101518.

[8] The Court understand this to be the case because Defendant requested mileage allowance for Eischen's trip.

emphasizes Eischen only testified two days, Defendant argues Eischen could not have known for sure when he would be called by Plaintiff to testify and whether he would be re-called as a rebuttal witness [ECF No. 160 at 2]. Because Eischen attended the trial not only as a witness but also as a designated agency representative for Defendant, the Court believes seven days is too many. Rather, the Court believes five days of attendance fees and subsistence allowance is sufficient. This represents two days for travel, two days for his testimony, and one day to account for the uncertainty as to when Eischen would be called during the Plaintiff's case and whether Plaintiff would re-call him as a rebuttal witness. Therefore, the Court will tax Plaintiff $200.00 for Eischen's five days of attendance fees.

The amount of subsistence allowance requested by Defendant (for Eischen's seven days) is $1,127.86. Although 28 U.S.C. § 1821(c)(3)[9] discusses "taxicab fares" separately from the subsistence allowance found in subsection (d), Defendant has included $50.00 of cab fare ($10.00 per day for five days) in this subsistence allowance calculation [ECF No. 160-2 at 2]. However, section 1821(c)(3) only provides for the taxing of "taxicab fares between places of lodging and carrier terminal." The cab fare reported in Defendant's itemized subsistence expenses is purportedly from the five days of trial, which presumably means Eischen took a taxi from his hotel to the courthouse (and back) each day. Further, as noted above, Eischen's mode of transportation from Kansas City to St. Louis and back was that of a private vehicle. Thus, Eischen did not incur $50.00 in taxi expenses by riding a taxi between his "place[] of lodging and [a] carrier terminal." Therefore, the Court will not tax Plaintiff $50.00 for Eischen's cab fare.

Most of the $1,127.86 seven-day subsistence allowance requested by Defendant is

---

[9] 28 U.S.C. § 1821(c)(3) states: "[T]axicab fares between places of lodging and carrier terminals . . . shall be paid in full to a witness incurring such expenses."

attributed to Eischen's MIE per diem ($396.00) and six-night hotel stay ($681.86). Both of these amounts are less than the maximum Defendant could have requested for seven days of MIE and six nights of lodging.[10] Further, Eischen's six nights at the hotel did not all cost the same amount per night [ECF No. 161-1 at 1-2].[11] Thus, rather than recalculating to determine the maximum amount Defendant could have requested for five days of MIE and four nights[12] at a hotel (using $115.00 for each night of lodging, in addition to $49.50 for the first and last days of travel and $66.00 for the three days in between), the Court will simply take the original amounts requested for lodging and MIE, divide them by six and seven, respectively (producing a per-day figure for both lodging and MIE), and multiply those figures by four and five, respectively. As Defendant has already produced invoices for Eischen's hotel stay, the Court will not require Defendant to produce any more invoices or receipts to receive five days of subsistence allowance for Eischen. Having made the proper adjustments and calculations, the Court will tax Plaintiff $454.56 for four nights of lodging[13] and $282.85 for five days of MIE per diem.[14] Therefore, the Court will tax Plaintiff $737.41 for Eischen's subsistence allowance.

Galit Askenazi:

---

[10] The maximum per-day request for lodging (excluding taxes) for St. Louis, Missouri for fiscal year 2014 is $115.00. *Per Diem Rates for Missouri*, United States General Services Administration, http://www.gsa.gov/portal/category/100120. Further, as mentioned above, the MIE per diem for St. Louis, Missouri for fiscal year 2014 is $66.00 per day, but that amount is reduced to $49.50 on the first and last day of travel. Six nights at $115.00 per night equals $690.00, but Defendant only requested $681.86. Similarly, two travel days at $49.50 per day plus the five days in between at $66.00 per day equals $429.00, but Defendant only requested $396.00.

[11] The invoices show three nights costing $109.99 plus a $7.97 "occupancy tax"; two nights costing $109.99 and no additional tax; and one night costing $108.00 and no additional tax [ECF No. 161-1 at 1-2].

[12] Five nights of subsistence here would only require four nights of lodging.

[13] $681.86 divided by six nights equals $113.64, which, multiplied by four nights, equals $454.56.

[14] $396.00 divided by seven days equals $56.57, which, multiplied by five days, equals $282.85.

Pursuant to 28 U.S.C. § 1821(b) and (d), Defendant has requested two days of attendance fees and subsistence allowance for Galit Askenazi. Askenazi flew to St. Louis on October 8, stayed the night at a hotel, then testified and flew back to Cleveland the next day. In her first response, Plaintiff objected to the amount of subsistence allowance requested, as well as the lack of invoices for food and lodging [ECF No. 158 at 2]. However, Defendant's Amended Bill of Costs includes invoices for Askenazi's airfare and hotel. There being no objection to the number of days for which Defendant is entitled to witness fees for Askenazi, the Court will tax Plaintiff $80.00 for Askenazi's two days of attendance fees.

The amount requested by Defendant for Askenazi's two days of subsistence fees is $932.02.[15] However, in addition to hotel costs and MIE per diem, Defendant also includes in this amount requests for airfare, taxicab fare, and airport parking fees. These latter three expenses are not considered part of the "subsistence allowance" provided for in 28 U.S.C. § 1821, and therefore, the Court will discuss them before addressing the actual subsistence allowance figures.

Defendant seeks $25.00 for Askenazi's parking expenses at the Cleveland airport. However, Defendant has failed to provide sufficient documentation of this expense. Under 28 U.S.C. § 1821, parking fees "shall be paid in full to a witness incurring such expenses," "*upon presentation of a valid parking receipt*." 28 U.S.C. § 1821(c)(3) (emphasis added). Neither Defendant's original Motion nor his supplementary filings include actual parking receipts. Therefore, the Court will not tax Plaintiff the $25.00 requested by Defendant for Askenazi's parking expenses.

---

[15] The amounts found in Defendant's itemization of Askenazi's expenses actually add up to an amount larger than $932.02. The Court will address each individual item in terms of the individual amount listed, but it is worth noting Defendant's overall amount requested is smaller than the sum of the individual amounts listed.

Defendant seeks $60.00 for Askenazi's taxicab fare to and from the St. Louis airport. Again, 28 U.S.C. § 1821(c)(3) allows for reimbursement of "taxicab fares between places of lodging and carrier terminal." Because the taxis purportedly drove Askenazi to and from the airport, the Court finds her taxi use to fall within the parameters of this provision. Further, considering this same provision requires parking receipts before receiving payment for parking expenses, the lack of such a provision regarding taxicab fare means the Court will not require Defendant to provide an invoice or receipt for Askenazi's cab fare. Thus, the Court will tax Plaintiff $60.00 for the cab fare.

Defendant also seeks $614.70 for Askenazi's airfare. Under 28 U.S.C. § 1821(c)(1):

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

Defendant has provided documentation of the cost of the flight, in the form of both a travel itinerary invoice and billing statement [ECF No. 160-3 at 1-4]. Further the Court finds $614.70 to be a reasonable rate for Askenazi's flights. Therefore, the Court will tax Plaintiff $614.70 for Askenazi's airfare.

Finally, regarding what are statutorily understood to be "subsistence allowance" fees, Defendant seeks $133.32 for Askenazi's one-night hotel stay and $132.00 for two days of MIE per diem. Defendant provides two forms of documentation for hotel costs: one shows the rate to be $115.00 per night, while the other shows the total charge to be $133.32. Because the $115 lodging amount provided by the General Services Administration is explicitly a pre-tax figure,[16]

---

[16] *Per Diem Rates for Missouri*, United States General Services Administration, http://www.gsa.gov/portal/category/100120.

the Court will allow Defendant to recover the full amount. Regarding the MIE per diem, because Askenazi's trip was over a two-day period, the MIE for each day is limited to $49.50. Therefore, the Court will tax Plaintiff $133.32 for Askenazi's hotel expense and $99.00 for two days of MIE per diem, a total of $232.32 in subsistence allowance.[17]

### C. *Parking Costs*

Finally, Defendant seeks to recover $14.00 in "other costs," later specified and itemized as "parking fees for trial" for both Barbara Breig and Jack Heller [ECF Nos. 160-1 at 1; 160-2 at 1]. While Plaintiff has not specifically objected to the taxation of this amount, Defendant has failed to provide sufficient documentation of these costs. Again, under 28 U.S.C. § 1821, such parking fees will be paid "*upon presentation of a valid parking receipt*." 28 U.S.C. § 1821(c)(3) (emphasis added). Neither Defendant's original Motion nor his supplementary filings include actual parking receipts for these expenses. Therefore, the Court will not tax Plaintiff the $14.00 requested by Defendant for parking fees.

### D. *Summary*

Therefore, the Court taxes Plaintiff $6,408.97 for transcript fees; $40.00 for Jack Heller's attendance fee; $80.00 for Gary Newman's attendance fee; $40.00 for Leonard Goggio's attendance fee; $80.00 for Barbara Breig's attendance fee; $49.50 for Barbara Breig's subsistence allowance; $200.00 for Steve Eischen's attendance fee; $737.41 for Steve Eischen's subsistence allowance; $80.00 for Galit Askenazi's attendance fee; $60.00 for Galit Askenazi's cab fare; $614.70 for Galit Askenazi's airfare; and $232.32 for Galit Askenazi's subsistence allowance. This comes to a total amount of $8,622.90.

---

[17] The Court uses the term "subsistence allowance" here to only included hotel costs and MIE per diem, as opposed to the broader understanding found in Defendant's Amended Bill of Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs [ECF No. 157] is **GRANTED, in part.**

Dated this  19th   Day of November, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE